## BOLTON v. FOREMAN.

### No. 12620.

Court of Civil Appeals of Texas.

Galveston.

Dec. 17, 1953.

Rehearing Denied Jan. 14, 1954.

Louis W. Graves, Jr., Houston, for appellant.

J. Edwin Smith, Houston, and Smith & Lehmann, Houston, of counsel, for appellee.

GRAVES, Justice.

This is an appeal from a summary judgment of the 80th District Court of Harris County, granted appellee, an attorney, in a suit brought by appellant against him, alleging that such attorney had breached his professional and contractual duties to represent her in her divorce suit then pending, and in the adjustment and conservation of her property interests; she especially declared that under the contract of employment of him by herself he had held "himself out to be an expert in divorce cases, and cases involving the property-rights of married persons involved in divorce cases."

That he had reneged in a number of respects, especially with reference to her properties and property interests, and in consequence had thereby proximately caused damages and the loss of property rights to be visited upon her; for instance, that he had negligently "in gross violation of his duty and in flagrant violation of his contract, permitted a default judgment to be taken against this Plaintiff" as a result of which "the Tri-Cities Club," which was her main source of living and which she jointly owned with her former husband, was taken away from her, "and this Plaintiff's interest therein was totally lost" to her.

Further, that the appellee had likewise, through his negligence, permitted the ap-

pellant's interest in Lots 12 and 13, in Block 4, of Wooster Heights Subdivision of the Nathaniel Lynch Survey, Harris County, Texas, to be entirely lost to her.

There were a number of other specific allegations of damages and losses to her in such alleged failure of the appellee to live up to his obligations toward her under such employment contract, but it is deemed unnecessary to further detail them. While the appealed-from summary judgment contains no recitation of the findings or ground in response to which it was rendered, merely reciting "that the motion for summary judgment is well taken and should be in all things granted," the brief of the appellee upon this appeal recites that the grounds in response to which the judgment was rendered were (1) plaintiff "has settled and compromised the issues"; and (2) "has elected her remedies, and pursued her elected remedy to settlement."

It is the conclusion of this Court that the trial court erred, and that the requirements of Rule 166-A, T.R.C.P., par. (c), have not been shown to have been complied with. That subdivision is this: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■■ Upon the contrary, it is the finding and conclusion of this Court that, as indicated supra, the appellant here showed more than one genuine issue as to the plainly material fact, as to whether the appellee's alleged failure to live up to his professional duties, which was the direct consequence of her material loss, was raised. Some of these have already been set out above, and it is not deemed essential that they be repeated, or that more be added, since a single one under the rule is all that is needed.

The learned trial court, as recited above, has not, it is thought, negatived the recited

showing by the appellant that she at least raised issues-of-fact over whether or not her declared-upon showings of injury and property loss, from the appellee's alleged violations of his contract with her, had occurred; the court below was not authorized to try the whole cause, upon the mere motion for summary judgment, see McDonald, Texas Civil Practice, Vol. 4, page 1379, par. 17.26, and, of course, it did not do so.

These conclusions require a reversal of the summary judgment, and a return of the cause to the trial court for further proceedings.

Reversed and remanded.