**R. O. BURCHFIELD et al., Appellants,**

v.

**E. L. MARKHAM, Jr., et al., Appellees.**

**No. 12928.**

Court of Civil Appeals of Texas.
Galveston.

Feb. 16, 1956.

Rehearing Denied March 8, 1956.

See also, 267 S.W.2d 866.

George Red and Pat N. Fahey, Houston, for appellants.

Curtis E. Hill, Dallas, for appellees.

GANNON, Justice.

This is a suit by E. L. Markham, Jr., a licensed attorney of the Dallas Bar, joined by Larry Gibbard, a licensed real estate dealer, against R. O. Burchfield, individually, and W. G. Burchfield & Bro., a real estate brokerage partnership composed of W. G. Burchfield, R. O. Burchfield and R. H. Burchfield, to recover one-half of a real estate commission paid the defendant partnership as brokerage for the sale of a deep water plant site to Heyden Chemical Corporation. Each of the members of the defendant partnership is a licensed real estate dealer.

After a trial before a jury and upon the coming in of a special issue verdict, judgment was rendered against defendants and in favor of plaintiff Markham in the amount sued for. It was decreed that plaintiff Gibbard, who in effect disclaimed, take nothing. Defendants appeal.

The gist of the plaintiffs' pleading and proof is: plaintiff, E. L. Markham, Jr., was

in touch with Heyden Chemical Corporation which desired to purchase a deep water plant site on the Gulf Coast in either Beaumont, Corpus Christi, or Houston; Heyden Chemical Corporation had enlisted the services of plaintiff, E. L. Markham, Jr., to aid and assist it in securing such plant site, apparently on the understanding that Markham's compensation for his services was to be realized by sharing with the brokers representing the potential vendor the brokerage commission which it was contemplated would be paid by such vendor; acting under such understanding with his principal, Heyden Chemical Corporation, Markham, on or about August 10, 1951, wrote identical letters to several real estate brokerage concerns, including the defendant partnership, making inquiry in regard to the availability of a desirable site; the letter included the following: "A licensed real estate dealer working for my clients would expect to share in the commission equally with the local broker or agent"; in response to such letter, and on August 13, 1951, R. O. Burchfield, of the defendant partnership, called plaintiff Markham at Dallas by long distance from Houston for further details and to advise Markham of what his firm thought would be available; in the conversation Markham, evidently referring to the above quoted sentence in his letter of August 10, 1951, stated he understood that a licensed real estate dealer would work with other dealers but not with lawyers; Burchfield stated that was correct; whereupon Markham stated, "I said I do not think it is illegal for a lawyer to transact real estate business but in order to set this adide (sic) [up] I will name a licensed real estate dealer." Following the telephone call of August 13, 1951, R. O. Burchfield, acting for the partnership, wrote Markham referring to Markham's letter of August 10th and to the long distance telephone conversation and detailed the situation in respect to available sites as it was known to Burchfield. This letter concludes, "As soon as we can tell you something definite, we will write you. In the meantime if your parties desire to inspect any of the sites which we have to offer,

we will be very glad to take care of them to the best of our ability.

"With best wishes and hoping that we will be able to transact some nice business as a result of *our association*, we are." Markham testified that in the long distance conversation of August 13, 1951, he, Markham, made it known to Burchfield that Markham was the person to get a share of the real estate commission through Mr. Gibbard. After the long distance telephone conversation and exchange of correspondence, Markham placed an officer of his corporate principal in touch with Burchfield; negotiations ensued, and resulted in the purchase by Heyden Chemical Corporation from Burchfield's principals of a plant site. From this sale Burchfield realized a commission of $9,722.97, one-half of which, or $4,858.65, was awarded plaintiff Markham by the trial court's judgment. As stated in the long distance conversation, according to Markham's testimony, it was made known to Burchfield that Markham was the person to get a share of the real estate commission through Gibbard; Markham promising, however, to "window dress" the transaction, as it were, by naming a licensed real estate dealer to stand in for him, which proposal was acceptable to Burchfield.

The defendants answered by numerous special exceptions and other pleas, asserting as a defense that since plaintiff, E. L. Markham, Jr., was not licensed as a real estate dealer under the provisions of Article 6573a et seq., V.A.T.S., he was not one with whom defendants could lawfully contract for a share in the commission involved. Responding further to the merits the defendants plead receipt of Markham's letter of August 10, 1951, wherein it is stated that a licensed real estate dealer working for Markham's clients would expect to share in the commission equally with the local broker or agent and set up that such provisions of the letter constituted a material representation which induced the defendants to attempt to negotiate the transaction out of which the suit grew, but for which representation defendants would not

have gone ahead; that for defendants to share a commission with an attorney at law not actually a licensed real estate dealer would be unlawful and would operate to damage and prejudice defendants, etc. In short, that the active and substantial participation of a licensed real estate dealer who would take the one-half share of the commission as his own was of the essence of the understanding with Markham.

It is undisputed that no licensed real estate dealer named by Markham ever actually participated in any negotiations. It is also undisputed that at or about the time the real estate transaction, out of which the commission grew, was to be closed, the co-plaintiff, Larry Gibbard, who is a licensed real estate dealer, agreed to stand in for E. L.Markham, Jr., in order to enable Markham to carry out his claimed arrangement with defendants. And that Gibbard furnished Markham with a letter addressed to defendants reciting that he, Gibbard, had been in touch with E. L. Markham, Jr., relative to the Heyden Chemical Corporation purchase during the past several weeks and that he, Gibbard, would be happy to work with Markham "and with you in the consummation of this deal." The letter advised of Gibbard's inability to be present at the closing of the deal on Monday, November 12, 1951, but that Markham would be there. The letter includes an appointment by Gibbard of Markham as Gibbard's agent and attorney to transact Gibbard's part of the transaction and authorized the defendants to pay one-half of the commission direct to Markham.

After a jury trial, the case was submitted on special issues, which, together with the jury's answers, are as follows:

### Special Issue No. 1

"Do you find from a preponderance of the evidence that in the exchange of letters and telephone conversation had between R. O. Burchfield and E. L. Markham, Jr., R. O. Burchfield agreed with E. L. Markham, Jr., to work with a licensed real estate dealer to be later nominated by E. L. Markham, Jr." To which the jury answered "We do."

### Special Issue No. 2

"Do you find from a preponderance of the evidence that at the time in question a universal custom existed in the real estate trade in Dallas County, Texas and Harris County, Texas, under which the term 'Work with' where used between two persons dealing in real estate were one provided the purchaser and the other provided the seller for a contemplated real estate sales and purchase transaction, meant an agreement to equally share the commission from such real estate transaction?" To which the jury answered "We do."

### Special Issue No. 3

"Do you find from a preponderance of the evidence that at the time in question R. O. Burchfield knew of the custom inquired about in Special Issue No. 2?" To which the jury answered "We do."

### Special Issue No. 4

"Do you find from a preponderance of the evidence that at the time in question E. L. Markham, Jr., knew of the custom inquired about in Special Issue No. 2?" To which the jury answered "We do."

### Special Issue No. 5

"If you have answered Special Issue No. 3 'We do not' and only in that event, then answer:

"Do you find from a preponderance of the evidence that at the time in question E. L. Markham, Jr., did not know that R. O. Burchfield had no knowledge of such custom inquired about in Special Issue No. 3?" To which there was no answer.

### Special Issue No. 6

"Do you finf from a preponderance of the evidence that in the exchange of letters and telephone conversation had between R. O. Burchfield and E. L. Markham, Jr., R. O. Burchfield agreed with E. L. Markham, Jr., to share equally with a licensed real estate dealer to be later nominated by E. L. Markham, Jr., the real estate commission from the real estate transaction con-

templated in such exchange of letters and telephone conversation?" To which the jury answered "We do."

## Special Issue No. 7

"Do you find from a preponderance of the evidence that the said E. L. Markham, Jr., did later nominate a licensed real estate dealer as he agreed to do in the exchange of letters and telephone conversation had between R. O. Burchfield and E. L. Markham, Jr?" To which the jury answered "We do."

## Special Issue No. 8

"Do you find from a preponderance of the evidence that E. L. Markham, Jr., was the procuring cause of the real estate sale in question from Frank Liddell and others as sellers to Heyden Chemical Corporation as purchaser?" To which the jury answered "We do."

## Special Issue No. 9

"Do you find from a preponderance of the evidence that after the occasion on August 20, 1951 when Simon Askin first contracted and conferred with R. H. Burchfield in Houston, Texas, concerning the real estate transaction in question that R. H. Burchfield knew that Simon Askin for Heyden Chemical Corporation was placed in contact with R. H. Burchfield by E. L. Markham, Jr., concerning the transaction in question." To which the jury answered "We do."

## Special Issue No. 10

"Do you find from a preponderance of the evidence that the defendants Burchfields' derived a benefit from Simon Askin contacting them, the Burchfields?" To which the jury answered "We do."

## Special Issue No. 11

"Do you find from a preponderance of the evidence that the defendants Burchfields, after having such knowledge inquired about in Special Issue No. 9, received and accepted such benefit, if any you have found, as inquired about in Special Issue No. 10?" To which the jury answered "We do."

## Special Issue No. 12

"Do you find from a preponderance of the evidence that plaintiff, E. L. Markham, Jr., led defendants to believe that a licensed real estate dealer, working for E. L. Markham, Jr.'s clients, would work with and cooperate with defendants in selling a plant site to Markham's clients?" To which the jury answered "We do not."

## Special Issue No. 13

"Do you find from a preponderance of the evidence that defendants acted as they did, relying on the belief that a licensed real estate dealer working for E. L. Markham, Jr.'s clients, would work with and cooperate with the defendants in selling a plant site to Markham's clients?" To which the jury did not answer. (This special issue was to be answered only in the event the next preceding Special Issue was answered in the affirmative)

## Special Issue No. 14

"Do you find from a preponderance of the evidence that E. L. Markham, Jr., failed to nominate a licensed real estate dealer who worked and cooperated with defendants in selling a plant site in question to Heyden Chemical Corporation?" To which the jury answered "We do not."

## Special Issue No. 15

"Do you find from a preponderance of the evidence that defendants suffered injury by reason of the failure of E. L. Markham to nominate a licensed real estate dealer to work and cooperate with defendants in selling a plant site to Heyden Chemical Corporation." To which the jury did not answer. (This special issue was to be answered only in the event the next preceding special issue was answered in the affirmative)

## Special Issue No. 16

"Do you find from a preponderance of the evidence that at the time and on the

occasion in question E. L. Markham, Jr., was acting in his professional capacity as an attorney-at-law?" To which the jury answered "He was not."

### Special Issue No. 17

"Do you find from a preponderance of the evidence that at the time and on the occasion in question E. L. Markham, Jr., was acting as a real estate dealer?" To which the jury answered "He was not."

Unless considered in relation to the pleadings and the proof, the verdict appears ambiguous, if not conflicting. However, when applied to the pleadings and proof, and the window dressing arrangement testified to by plaintiff Markham, it seems to us that such ambiguity and apparent conflict is dissolved. At any rate, no point is made of possible conflict and, therefore, we do not further concern ourselves with it. Especially since defendants affirmatively rely on the verdict as a clear, un-unambiguous, non-conflicting establishment of their version of the facts.

The case is brought here by appellants on substantially four points, which are (1) Since Gibbard was only a straw man and stand-in for Markham, who though an attorney was still not a licensed real estate dealer, the contract relied on is unenforceable because violative of Section 26 of art. 6573a, V.A.T.S., (2) the plaintiff abandoned his case when he failed to request and the court did not submit directly and in express terms "whether or not R. O. Burchfield and/or W. G. Burchfield & Bro. had agreed to share the commission in controversy with E. L. Markham, Jr., (3) the finding of the jury on special issue No. 6 conclusively establishes defendants' version of the true arrangement with Markham and entitled them to judgment, and (4) the court erred in overruling and in not sustaining special exceptions to the petition wherein plaintiffs in effect plead an estoppel against defendants to deny liability, setting up that plaintiff Markham furnished the purchaser and was the procuring cause of the sale and that defendants, knowing Markham expected to be compensated by one-half of the commission and knowing that the purchaser had been directed to defendants by Markham, treated and dealt with the purchaser and effected a sale to it and thereby realized the commission in controversy as a result of Markham's efforts because there was no allegation of any false representation by defendants.

By cross-assignment, the plaintiff Markham complains of our ruling on a prior appeal holding inapplicable art. 2226, V.A. T.S., providing for the recovery of attorney's fees on successful prosecution of certain classes of claims.

We overrule all points of error, including appellees' cross-point.

Appellants' first point and appellees' cross-point are ruled by the opinion on the former appeal, Burchfield v. Markham, Tex.Civ.App., 267 S.W.2d 866, writ refused, n. r. e., to which we adhere.

In connection with appellants' second point, it does not appear that there was any objection to the court's submission for incompleteness, that is to say for failure to submit all the component elements of the contractual arrangement relied upon by plaintiff as a basis of recovery. Appellant cites the following from Rule 279, T.R. C.P.: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; * * *" but does not cite the remainder of the sentence from which the quotation is lifted. The sentence in its entirety reads as follows: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if *one or more* of the issues necessary to sustain such ground of recovery or of defense, and *necessarily referable thereto*, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence

to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, *but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.*"

 The trial court was not requested to file written findings in support of the judgment. If, therefore, one or more of the issues actually submitted by the court is necessarily referable to the contractual agreement, relied on by Markham, we must deem any and all omitted issue or issues to have been found by the court in such manner as to support the judgment. We think it obvious from the charge considered as a whole that one or more of the issues actually submitted is referable to the contractual arrangement or understanding relied upon by plaintiff Markham as a basis for recovery and are unable to agree with appellants that the submission of the case evidences a complete abandonment by plaintiff of his asserted right to recover under his claim of contract. The following special issues obviously relate to the contractual arrangements and to nothing else: Special Issues Nos. 1, 2, 3, 4, 6, 7, 12, 13, and 14. In the light of the complete provisions of Rule 279, we are unable to find an abandonment by Markham of his claimed right of recovery based on Burchfield's promise or agreement to divide commissions with him, which was, of course, one of the controlling ultimate issues in the case, if not the only one. Wichita Falls & O. R. Co. v. Pepper, 1940, 134 Tex. 360, 135 S.W.2d 79, relied on by appellants under this point is thought to be fully in harmony with Rule 279. If not, the case has been superseded by the rule.

 Coming to appellants' claim that they were entitled to judgment on the answer of the jury to Special Issue No. 6, finding that defendants agreed "to share equally with a licensed real estate dealer to be nominated later by E. L. Markham, Jr., the real estate commission from the real estate transaction contemplated" in the letters and telephone conversation—we cannot agree with appellants' contention since we feel, as above stated, that when applied to the conflicting testimony and read in the light of the jury's answer to Special Issue No. 7, finding that Markham "did later nominate a licensed real estate dealer as he agreed to do * * *," it becomes apparent that the jury sustained Markham's version of the understanding arrived at in the exchange of letters and the long distance telephone conversation, to wit: that the licensed real estate dealer to be nominated by Markham was but a dummy or straw man to give the transaction the appearance of one in which the defendants had worked—not with a lawyer—but with another licensed real estate dealer. Surely the verdict is incapable of the construction, as claimed by appellants, that it establishes the essence and substance of the understanding to be that only a licensed real estate dealer to be nominated by Markham was to be eligible for a beneficial interest in the commission money.

 Coming finally to appellants' point that the pleadings did not set up an estoppel because they failed to allege any false representation or concealment of material facts on the part of defendants—we have carefully considered the pleading and are of the opinion that it sufficiently alleges conduct on the part of defendants which induced plaintiff Markham to refer the prospective purchaser to the Burchfields at a time and under circumstances when the defendants realized Markham expected to be compensated by one-half of the commission should he furnish such purchaser. In our opinion, these and other allegations pleading that the defendants knowingly accepted Markham's prospect and realized a commission from a sale to such prospect allege a sufficient basis for an equitable estoppel. If, as may be, the allegations plead no more than an implied contract, we see no harm to appellants. Courts look to the substance of pleadings rather than to their technical designation by the pleader.

The judgment is affirmed.