**William H. WEBB et ux., Appellants,**

**v.**

**C. E. DUDONIS, Appellee.**

**No. 15329.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 20, 1968.

Rehearing Denied Sept. 5, 1968.

———◆———

Morgan, Dudensing & Davis, John O. Roark, Houston, for appellants.

Wyckoff, Russell & Dunn, Charles R. Dunn, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment granted in a suit for damages by reason of personal injuries sustained in an automobile collision.

Appellants, William H. Webb and wife, Lillian Webb, sued C. E. Dudonis for damages for personal injuries arising out of a collision. Lillian Webb alleged that " * * On or about June 8, 1967, at the intersection of U. S. Highway 90 and the North Loop Ramp, she was violently struck by an automobile owned and operated by the defendant * * *"

The defendant, C. E. Dudonis, answered, setting up, among others, the defense of accord and satisfaction. Thereafter C. E. Dudonis filed a motion for summary judgment to which were attached as exhibits: (1) a draft in the amount of $220.46, and (2) affidavits from Robert Deegan and B. E. Carpenter.

The draft was payable to William H. and Lillian J. Webb and stated on its face, "in payment of any and all claims as a result of accident occurring 6-8-67." It shows the in-

sured to be *Anthony C.* Dudonis. Appellants endorsed the draft below a statement reading, "Acceptance or endorsement of this draft by payee(s) constitutes full consideration and final settlement of any and all claims, actions, and causes of action resulting from accident or occurrence described on the reverse side hereof."

In his affidavit Robert Deegan stated that in June of 1967 he received a report of a collision occurring June 8, 1967, involving an automobile driven by Lillian J. Webb and an automobile owned by *Anthony C.* Dudonis, who carried a policy of insurance with The Members Mutual Insurance Company obligating it to indemnify its insured against claims arising out of collisions involving the automobile owned by Anthony C. Dudonis. The affidavit continued: "Thereafter and in the latter part of June, 1967, in behalf of Mr. Anthony C. Dudonis, I agreed to pay, and William H. Webb, and Lillian J. Webb agreed to accept the sum of $220.46 in full settlement and discharge of any and all claims they might have against Anthony C. Dudonis arising out of the collision of June 8, 1967. * * * I explained to William H. Webb and Lillian J. Webb that said draft was in full and final payment of all claims against *Anthony C.* Dudonis arising out of the aforesaid accident and made no representations or promises to either of them inconsistent therewith."

Lillian J. Webb filed an affidavit stating that she was driving an automobile and was involved in an accident with a 1965 Chevelle Coach owned and driven by *Charles Edwin* Dudonis.

By his motion for summary judgment and supporting exhibits, appellee has produced evidence of an accord and satisfaction between appellants and Anthony C. Dudonis. Appellants' affidavits do not contain statements of fact sufficient to raise an issue of fact as to a binding settlement of their claims, if any they have, against Anthony C. Dudonis. No such claim is asserted in this suit. The affidavit of Robert Deegan clearly confines the settlement to claims

against Anthony C. Dudonis. There is no proof of an accord and satisfaction between appellants and Charles Edwin Dudonis. Appellee has failed to show by its summary judgment evidence the absence of material issues of fact. By reason of this failure the summary judgment was improperly granted. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1956); Bolton v. Foreman, 263 S.W.2d 618 (Galv.Civ. App.1953, ref., n. r. e.).

The judgment of the Trial Court is reversed and the cause is remanded to the Trial Court.