## C. H. WHITAKER V. G. M. FELTS.

No. 7641. Decided October 8, 1941.
Rehearing overruled November 12, 1941.
(155 S. W., 2d Series, 604.)

*M. Ward Bailey* and *A. B. Culbertson*, of Fort Worth, for plaintiff in error.

When plaintiff showed that the defendant had previously sold the land to the Townsends who were in possession and at the time of the deed to plaintiff he had no title or right to convey or right of possession and could not deliver possession he proved both a superior title and ouster. Eustis v. Cowherd, 23 S. W., 737; Westrope v. Chambers, 51 Texas 187; Comp-

ton v. Trico Oil Co., 120 S. W. (2d) 534; Duhig v. Peavy-Moore Lbr. Co., 135 Texas 503, 144 S. W. (2d) 878.

*Hunter P. Lane, J. E. Warren, H. S. Lattimore* and *John A. Scott*, all of Fort Worth, and *Walter Miller*, of Belton, for defendant in error.

The undisputed evidence shows that Whitaker (plaintiff) purchased the 34 acres for value from the record owner (Felts) of the land without knowledge of the unrecorded prior deed and without any facts available to him to warn him that Townsend claimed the land and was therefore an innocent purchaser of the land and owned the land by rights superior to Townsend and except for his voluntary relinquishment of possession would enjoy such possession today under his superior title. Hill v. Pure Oil Co., 38 S. W. (2d) 855; Strong v. Strong, 128 Texas 470, 98 S. W. (2d) 346; Jackson v. De Guerin, 124 Texas 424, 77 S. W. (2d) 1041.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by C. H. Whitaker against G. M. Felts. The object of the suit is the recovery of damages for the alleged breach of warranty contained in a deed. In the trial court Whitaker recovered a judgment for damages. Felts appealed the case and the Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment for Felts. 129 S. W. (2d) 682. Whitaker has been granted the writ of error.

The material facts are undisputed. They are substantially as follows:

On February 27, 1927, Felts duly executed to Whitaker a general warranty deed which was duly recorded on May 25, 1927. By the terms of said deed Felts conveyed to Whitaker, in fee simple, a tract of 34 acres of land situated in Bell County—same being the tract of land involved in this controversy. Whitaker paid Felts a valuable consideration for said conveyance.

On November 23, 1900, Felts—who was then the true owner of said 34 acre tract—duly executed to Sam and William Townsend, jointly, a deed conveying said tract to them, in fee

simple.' This deed, though duly signed and acknowledged by Felts—and by him delivered to the grantees, was not recorded until October 24, 1934. At the time Whitaker purchased this tract from Felts, in February, 1927, he had no notice of the Townsend deed unless the facts stated below constitute constructive notice of the instrument, towit:

The said 34 acre tract, at the time of Whitaker's purchase and for many years before that time, was raw, unimproved wood land. It was unfenced, but, along with several other adjacent unimproved tracts belonging to strangers, composed a single body of about 360 acres which was surrounded by the connecting fences appertaining to surrounding tracts belonging variously to strangers. None of these surrounding tracts belonged either to the Townsends or to Felts, and no segment of the said connecting fences belonged to either of them. All during said period of time, the Townsends and the surrounding landowners used the said body of land, thus enclosed, for the grazing of their cattle. During all said period of time, the Townsends, who lived on the prairie, some four or five miles away, occasionally cut fire wood from the 34 acre tract for home use. Although not germane to the subject of constructive notice the following facts are undisputed. In the year 1934, a few days before the Townsend deed was recorded, one Barton, the duly authorized agent of Whitaker, went upon the 34 acre tract and began clearing it of the growing timber. A few hours later, a duly authorized agent of the Townsends appeared on the scene and told Barton that Sam and William Townsend were the owners of the tract. The said agent forbade the cutting of the timber and commanded Barton to get off of the land. Barton at once obeyed the command. This suit was begun shortly afterwards.

**1, 2** In a suit of this sort, being an action at law for breach of warranty clause of a deed, it is essential to a recovery of damages that an eviction of the covenantee be shown. However, in legal contemplation, an eviction occurrs "when the facts are such that it would be useless for the covenantee to attempt to maintain the title conveyed to him, e. g., where the holder of the superior title has taken actual possession or threatens suit." Rancho Bonito Land Live Stock Co. v. North, 92 Texas 72, 45 S. W. 944. Stated in varying language, the well established rule is to the effect that the covenantee cannot yield to an opposing claim of title which is inferior to his own, and still hold this warrantor liable to damages. The question, therefore,

arises whether Whitaker, by his purchase of the 34 acre tract from Felts, acquired the paramount title to the tract, notwithstanding the unrecorded deed held by Townsends. A determination of this question involves consideration of the following provisions of Article 6627 of the Revised Statutes, towit:

"All bargains, sales and other conveyances whatever, of any land, * * * shall be void as to * * * subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

**3** It is quite clear that under the terms of this statute, Whitaker, by his purchase of the land from Felts, acquired the paramount title to the land if he purchased for a valuable consideration without notice of the unrecorded deed. In respect to Whitaker being a purchaser for value, without actual notice, the fact that he was is undisputed. The crux of the controversy in respect to notice is a question of law, namely, whether the facts hereinabove stated show that, at the time Whitaker purchased the 34 acre tract, the Townsends had such possession of said tract as constituted constructive notice of their deed from Felts. The character of possession, which constitutes constructive notice of an unrecorded deed, has been explained by this court as follows: "The authorities lay it down that the possession must be open and visible and unequivocal, meaning that it must be openly, visibly and unequivocally that of the claimant under the unrecorded instrument." Paris Grocer Co. v. Burks, 101 Tex. p. 106 105 S. W. 174. Many other decisions to the same effect are to be found in the books, but they need not be listed here. The facts of this case show conclusively that the Townsends did not have such possession as constitutes constructive notice of the unrecorded deed. In the first place the various connecting fences, which incidentally created the enclosure of the composite body of land, composed of the 34 acre tract and several adjacent tracts, appertained to the various surrounding tracts belonging variously to different strangers. The existence of said connecting fences had, at most, but a casual relation to the 34 acre tract. For this reason, we do not think that notice of the existence of said fences, at the time of his purchase, is imputable to Whitaker. (Compare West Production v. Kahanek, 132 Texas 153, 121 S. W. (2d) 328).

In the second place, with said connecting fences eliminated from consideration, nothing else remains upon which to found a conclusion that notice of the unrecorded deed is imputable to Whitaker, but (1), the fact that the Townsends, as well as the surrounding landowners, were grazing their cattle on an open tract of land, which embraced the 34 acre tract, and, (2), the fact that the Townsends occasionally cut fire wood from the 34 acre tract. These two facts, standing alone, clearly do not show an open and visible possession, by the Townsends, of the 34 acre tract—let alone a possession of said tract which was unequivocally theirs.

Before closing this opinion, we take occasion to remark that the question of title by limitation does not arise under the facts of this case. Up to February 27, 1927, the Townsends were the true owners of the tract of land in controversy under their deed from Felts,—consequently there was nobody against whom they could hold adverse possession, as defined by Article 5515 of the Revised Statutes; whereas, ever since said date Whitaker himself has been the only person from whom they could derive title by limitation.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court October 8, 1941.

Rehearing overruled November 12, 1941.