**BURCHFIELD et al. v. MARKHAM et al.**

No. 12711.

Court of Civil Appeals of Texas.

Galveston.

April 22, 1954.

Rehearing Denied May 13, 1954.

George Red and K. D. Keenan, Houston, for appellants.

Curtis E. Hill, Dallas, for appellees.

HAMBLEN, Jr., Chief Justice.

Appellees instituted this suit in the District Court of Harris County to recover the sum of $4,858.65, being one-half of the commission paid upon the sale of property in Harris County, Texas. Appellees claimed to be entitled to the sum sued for under the terms of a contract alleged to exist between them and appellants. Appellees also sought recovery of attorney's fees under the provisions of Art. 2226, Revised Civil Statutes, Vernon's Ann.Civ. St., and exemplary damages. Appellants excepted to certain portions of the appellees' petition, particularly the allegations and prayer for attorney's fees and exemplary damages, generally denied all of appellees' allegations, specially denied the existence of the contract alleged upon, and

by way of avoidance, plead that the contract, if made, was void under the provisions of Art. 6573a, Revised Civil Statutes, Vernon's Ann.Civ.St. Appellants' exceptions directed to the prayed for recovery of attorney's fees and exemplary damages were sustained by the trial court. Appellants thereupon filed a motion for summary judgment, which was denied. Appellees thereupon moved for summary judgment in their favor, which was granted. Appeal was perfected both from the order denying summary judgment in favor of appellants and the order granting summary judgment in favor of appellees. Appellees moved to dismiss the appeal insofar as directed to the order denying summary judgment in favor of appellants, filed counter-points in answer to the points of error asserted by appellants, and present cross-assignments directed to the asserted error of the trial court in sustaining the exceptions above mentioned. Appellants in their brief have conceded that the order denying their motion for summary judgment is interlocutory and not appealable, which concession disposes of the appellees' motion to dismiss that portion of the appeal. The appeal as now presented to this Court is from the order granting summary judgment in favor of appellees, and by cross-assignment, from the action of the trial court in sustaining the exceptions to appellees' petition.

Appellee Markham is a licensed attorney, and appellee Gibbard is a licensed real estate dealer in the State of Texas. They alleged that on or about August 10, 1951, appellee Markham had a client desirous of purchasing an industrial plant site in Harris County; that he wrote to appellant R. O. Burchfield & Brother in Houston, describing generally the type of site desired, and stating: "A licensed real estate dealer working for my client will expect to share in the commission equally with the local broker or agent." That appellants provided a site suitable to the purchasers and a sale was consummated about Nov. 13, 1951. That as a result of the sale, a commission in the amount of $9,722.97 became due and payable. That appellees asserted

their claim for one-half of such commission to the sellers, who, after paying one-half thereof to appellants, tendered the remaining one-half into the registry of the court under a bill of interpleader. Between the date of the letter from Markham to appellants on August 10, 1951, and the final consummation of the sale, certain telephone conversations and correspondence took place between Markham and appellants. The exact words spoken during such conversations, and their effect, are disputed by the parties, it being appellees' contention, however, that under any construction, they, together with the letters, constituted a contract between appellees and appellants upon which the summary judgment rendered in their favor should be supported.

■ Appellants, in view of the concession above mentioned, complain only of the action of the trial court in granting summary judgment against them. We feel that their point presenting such asserted error is well taken and should be sustained. By deposition the record affirmatively shows that appellee Gibbard had no interest in the lawsuit, claimed no right to the recovery sought, and had allowed his name to be used as a party plaintiff only as an accommodation to appellee Markham. Therefore, the undisputed facts, rather than supporting the judgment in his favor, conclusively negative his right to recovery, and the judgment in his favor is clearly erroneous. As to appellee Markham, appellants have plead first that they made no contract, and alternatively that any contract, if made, obligated them to share their commission only with a licensed real estate dealer, which appellee Markham admittedly is not. The facts and circumstances surrounding the transactions between the parties are disputed, and must be ascertained before their legal effect can be determined. The existence of any genuine issue of fact prevents the granting of summary judgment. Bolton v. Foreman, Tex. Civ.App., 263 S.W.2d 618.

We are unable to agree with appellants' contention that any contract between appellants and Markham to share a commis-

sion is void and unenforceable as being violative of the provisions of Art. 6573a, Revised Civil Statutes of Texas. That statute is one defining real estate dealers, requiring licenses of persons or companies engaging in the real estate business as dealers, and providing penalties for violations of its provisions. The particular provision upon which appellants rely is contained in Section 20, which reads as follows: "It shall be unlawful for any real estate dealer or real estate salesman to offer, promise, allow, give or pay directly or indirectly any part or share of his commission or compensation arising or accruing from any real estate transaction, to any person who is not a licensed dealer or salesman, in consideration of service performed or to be performed by such unlicensed person, and no real estate salesman shall be employed by or accept compensation from any person other than the dealer under whom he is at the time licensed; and it shall be unlawful for any licensed real estate salesman to pay a commission to any person except through the dealer under whom he is at the time licensed. Acts 1949, 51st Leg., p. 304, ch. 149, § 1."

An examination of the entire act discloses the following additional pertinent provisions: "Sec. 2. The following terms shall, unless the context otherwise indicates, have the following meanings: (a). (1). The term 'Real Estate Dealer' shall include every person or company, other than a salesman, and licensed and registered attorneys, * * *." Section 3 of the act reads as follows: "Sec. 3. The provisions of this Act shall not apply to, and the terms 'Real Estate Dealer' and 'Real Estate Salesmen,' as above defined, shall not include: * * *. (b). Persons acting as an attorney in fact under a duly executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale, leasing, or exchange of real estate; services rendered by an attorney at law, receiver, trustee in bankruptcy, administrator, or executor, or any person doing any of the acts specified in Section 2, Subdivision (a) of this Act under order of any court; a trustee acting under a trust agreement, deed of trust, or will, or the regular salaried employees thereof."

 The act is penal in its nature. As such it must be strictly construed. When so construed, Section 20 cannot be held to have the effect of denying a right to a person in whom such right existed at common law, and who appears to this Court to have been expressly excluded from the applicable provisions of the entire act.

 We overrule appellees' cross-assignments. Art. 2226 provides for the recovery of attorney's fees by any person having a valid claim for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express or stock killed or injured. This is a suit for alleged breach of contract for the payment of money, and clearly does not fall within the provisions of the cited statute. A. L. Carter Lumber Co. v. Saide, 140 Tex. 523, 168 S.W.2d 629, by the Texas Supreme Court, seems to be ample authority for the proposition that this is not such a case as gives rise to a claim for exemplary damages.

Reversed and remanded.