R. O. BURCHFIELD, ET AL V. E. L. MARKHAM, JR., ET AL.*

No. A-5787. Decided October 31, 1956.
Rehearing Overruled November 28, 1956.
(294 S.W. 2d Series 795)

---

*Certiorari to the Supreme Court of the United States denied. 353 U.S. 988, 77 Sup. Ct. 1284, 1 L. Ed. 2d 1543.

330

*George Red* and *Pat N. Fahey,* of Houston, for Petitioners.

The court erred in rendering judgment in favor of E. L. Markham, an attorney at law, for one-half of the commission earned by Burchfield as the real estate agent in securing the property conveyed to the Chemical Company, since the said Markham was not a licensed real estate dealer under the Real Estate Dealer's Act. Simmons v. Arnin, 110 Texas 309, 220 S.W. 66; Government Personnel Mut. Life Ins. Co. v. Wear, 151 Texas 454, 251 S.W. 2d 525; State v. Maurits-Wells Co., 141 Texas 634, 175 S.W. 2d 238.

*E. L. Markham, Jr.,* in Pro se, of Dallas, for respondent.

MR. JUSTICE McCALL delivered the opinion of the Court.

Basically this is a suit brought by E. L. Markham, Jr. against R. O. Burchfield to recover one half of the commission earned by Burchfield on the sale of a tract of land to a purchaser procured by Markham. Markham is an attorney at law licensed to practice in Texas. Burchfield is a real estate dealer, who was licensed under the old Real Estate Dealers License Act., Article 6573a, V.A.C.S. In 1951 Markham had a client, Heyden Chemical Corporation, which desired to purchase a deep water plant site on the Gulf Coast in Texas. This corporation requested Markham to help it locate a site with the understanding that he would get all compensation expected for his services by sharing the commission of the real estate dealer who negotiated the land sale. With this understanding Markham wrote Burchfield, who, according to the finding of the jury, agreed to locate such a site for Heyden Chemical Corporation and to split the commission with Markham, if the latter would nominate some licensed real estate dealer of his choice to stand in for him and receive for him his half of the commission. This subterfuge was intended to allow Burchfield to split the commission with Markham without raising any question as to violation of the Real Estate Dealers License Act. Burchfield found the site. Markham supplied the purchaser, who bought the site and paid a commission of $9,722.97. Markham then named a licensed real estate dealer, Larry Giggard, to receive his half of the commission, but Burchfield refused to pay, claiming that under the Texas Real Estate Dealers License Act it was unlawful for him to split his commission with anyone who was not a licensed real estate dealer or salesman.

The trial court rejected Burchfield's contention and after trial by jury gave judgment for Markham. This judgment was affirmed by the Court of Civil Appeals, 287 S.W. 2d 733, in an opinion which relates the evidence and the jury findings in greater detail than here set forth.

■ The question in this cause is whether under the Real Estate Dealers License Act, Article 6573a, V.A.C.S., a real estate dealer licensed thereunder may lawfully contract to split his commission with an attorney at law who has procured a purchaser for a sale. The Real Estate Dealers License Act was rewritten in 1955 and designated The Real Estate License Act, but this case is controlled by the old Act as it existed in 1951, the pertinent provisions of which were as follows:

"Section 2(a) (1). The term 'Real Estate Dealer' shall include every person or company, other than a salesman, and licensed and registered attorneys, who for another or others for compensation or other valuable consideration, or who with the intention or in the expectation or upon the promise of receiving or collecting compensation or other valuable consideration, lists for sale, sells, exchanges, buys, * * * or assists or directs in the procuring of prospects, or the negotiation or closing of any transaction which does or is calculated to result in the sale * * * of any real estate * * *.

* * * *

"Section 3. The provisions of this Act shall not apply to, and the terms 'Real Estate Dealer' and 'Real Estate Salesman,' as above described, shall not include:

* * * *

"(b) Persons acting as an attorney in fact under a duly executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale, leasing, or exchange of real estate; services rendered by an attorney at law, receiver, trustee in bankruptcy, administrator, or executor, or any person doing any of the acts specified in Section 2, Subdivision (a) of this Act under order of any court; a trustee acting under a trust agreement, deed of trust, or will, or the regular salaried employees thereof.

* * * *

"Section 20. It shall be unlawful for any real estate dealer or real estate salesman to offer, promise, allow, give, or pay directly or indirectly any part or share of his commission or compensation arising or accruing from any real estate transaction to any person who is not a licensed dealer or salesman in consideration of service performed or to be performed by such unlicensed person * * *."

Section 11 provided that the license of a real estate dealer may be revoked if "(5) Paid commissions or fees, to or divided commissions or fees with anyone not licensed as a real estate dealer or salesman * * *."

Section 21 provided for a penalty of not more than $500.00 or imprisonment in the county jail for not more than one year

or both fine and imprisonment for anyone convicted of wilfully violating any provision of the Act.

Markham contends that as an attorney at law he was exempted from the Act. Burchfield contends that the only exemption an attorney at law had under the Act was while acting in his capacity as an attorney, and the jury found Markham was not so acting in this instance. It is true that if the provision in Section 3 is considered alone, only the "services rendered by an attorney at law * * * under order of any court" seem to be exempted. But this ignores the effect of Section 2 of the Act, wherein numerous acts were listed and it was provided that anyone who did any one of these acts should be considered as being a real estate dealer, and should be licensed as such; unless he was employed by a licensed real estate dealer, and then he should be license as a real estate salesman; or unless he was a licensed and registered attorney at law. Receivers, trustees in bankruptcy, administrators, executors, and others, including attorneys, were mentioned in Section 3 as exempt when doing certain specified acts. But only licensed and registered attorneys at law were mentioned with real estate dealers and real estate salesman in Section 2 which listed all the acts which constitute real estate practice.

However, even if an attorney was exempted under Section 2 from the necessity of procuring a license as a dealer or salesman, the fee-splitting contract in this case was still not lawful. By Sections 11 and 20 it was declared unlawful for either a real estate dealer or salesman to split a commission except with another licensed dealer or salesman. Perhaps attorneys at law were exempt from the Act, but real estate dealers and salesmen certainly were not. They were closely regulated by the Act. Among other regulations it was provided that their licenses could be revoked if they divided a commission with anyone not a licensed dealer or salesman. An attorney at law is neither a licensed dealer or salesman. Attorneys were specifically mentioned with dealers and salesmen in Section 2, but only dealers and salesmen were named in Section 11 and 20 as being allowed to divide commissions. It seems clear that under these provisions the contract between Burchfield, a licensed real estate dealer, and Markham, a licensed attorney, to split the commission received by Burchfield was unlawful and unenforceable. Gregory v. Roedenbeck, 141 Texas 543, 174 S.W. 2d 585.

Respondent Markham contends that this appeal is governed by the law of the case as established in a former appeal

in this case, Burchfield v. Markham, Texas Civ. App., 267 S.W. 2d 866 (refused, n.r.e.). This was an appeal from a summary judgment for Markham against Burchfield for one half of the commission here involved. While the Court of Civil Appeals does state in its opinion that under its interpretation of the Real Estate Dealers License Act a contract to divide a commission between an attorney at law and a real estate dealer was lawful, it was not shown in the summary judgment proceedings just what the facts were in the case. As the Court of Civil Appeals stated, "The facts and circumstances surrounding the transactions between the parties are disputed, and must be ascertained before their legal effect can be determined. The existence of any genuine issue of fact prevents the granting of summary judgment." 267 S.W. 2d 866, 867. By refusing the application for writ of error with the notation of "no reversible error" the Supreme Court approved only the result reached by the Court of Civil Appeals and not the statements as to the law in the opinion. Let us assume that the Supreme Court on this first appeal did conclude that the contract was unlawful and that Markham had no valid cause of action. Like the Court of Civil Appeals all the Supreme Court could do was reverse and remand the cause for trial on its merits. Neither court could have reversed and rendered the cause, thereby granting a summary judgment to Burchfield. The trial court had refused to grant Burchfield a summary judgment, and this interlocutory order could not be appealed. Under the above facts it cannot be held that these statements of the Court of Civil Appeals setting forth its interpretation of the Act is the "law of the case" binding on this Court. Connecticut General Insurance Company v. Bryson, Jr., 148 Texas 86, 219 S.W. 2d 799.

The judgment of the trial court and the Court of Civil Appeals is reversed and judgment is rendered for petitioners.

Opinion delivered October 31, 1956.

Rehearing overruled November 28, 1956.