**Alfred E. FANT, Appellant,**

v.

**Fred HOWELL et ux., Appellees.**

**No. 11432.**

Court of Civil Appeals of Texas.

Austin.

Dec. 14, 1966.

Rehearing Denied Jan. 11, 1967.

J. W. Thomas, Belton, for appellant.

Skelton, Bowmer, Courtney & Burleson, Jim D. Bowmer, Bob Burleson, Temple, for appellees.

PHILLIPS, Justice.

This appeal arose from a suit brought by appellant Fant to enforce specific performance of a contract to convey land. The contract was entered into in April, 1961 with appellees Howell. At the inception of the contract, appellees Howell had title to all of the real estate involved in the contract, however, third persons were then in possession of a part of the property and were holding adversely. This latter fact was known to both of the parties at the time the contract was consummated.

Appellant Fant went into possession of the property, except that portion adversely occupied in April, 1961 under the terms of the contract of sale, and appellees moved to Tyler, Texas and never again had possession.

In 1964 appellant brought suit against the appellees for specific performance of the contract of sale and included in the lawsuit a suit in trespass to try title in which action the third parties in possession were named as defendants.

Upon motion of the third parties in possession, the court dismissed them from the lawsuit, leaving the abovementioned suit for specific performance against appellees Howell.

Appellees answered with a general denial, then made a motion for summary judgment which the court, after considering the motion along with affidavits presented by both parties, granted. Part of this judgment is as follows:

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED BY THE COURT AS FOLLOWS:

(1) That plaintiff ALFRED E. FANT take nothing by his suit against defendants FRED HOWELL and wife BESSIE HOWELL, or either of them.

(2) That upon payment by plaintiff ALFRED E. FANT to defendants FRED HOWELL and wife BESSIE HOWELL of the full balance of the purchase price of said property, with all interest thereon to date of payment in the exact manner set forth in the Contract of Sale between the parties dated April 21, 1961, and referred to in the pleadings, the defendants FRED HOWELL and wife BESSIE HOWELL execute, acknowledge and deliver to plaintiff ALFRED E. FANT their warranty deed conveying the land (to be described as it is described in the Contract of Sale between the parties), and containing the other usual and customary provisions common to such a deed, except that the warranty clause of such deed shall read and be as follows:

'TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said ALFRED E. FANT, his heirs and assigns forever and we do hereby bind ourselves, our heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said ALFRED E. FANT, his heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof, all subject, however, to the following limitations and provisions, to wit:

(a) That such warranty shall be, and is hereby construed as if, and same shall be the same legal effect as if, same had been entered into and this deed executed and delivered by HOWELLS to FANT on April 21, 1961, and not thereafter; and in addition thereto,

(b) that insofar as this warranty is concerned, FRED HOWELL and wife, BESSIE HOWELL, expressly preserve, reserve, have and retain any defenses to an action against them on such warranty, if such defense arises from, or is based upon, any act or omission of ALFRED E. FANT which has occurred since April 21, 1961, and the warranty is further limited to that extent.' "

The land in question was described by metes and bounds in the contract of sale as "containing 227 acres of land, more or less (sometimes called 252 acre tract)."

32.58 acres described in the contract has apparently been lost to the abovementioned third parties through adverse possession and it is this portion that appellees refuse to warrant as to title, however, they will convey same with the reservation set out above in the summary judgment. This acreage is the crux of this lawsuit.

A recent survey shows the acreage that the appellees are willing and able to convey by general warranty deed (exclusive of the abovementioned 32.58 acres) to be 226.38 acres.

We reverse the judgment of the trial court and remand the case.

Appellant is before this Court with six points of error, the first three, briefed together, are as follows: The court erred in excusing performance of a contractual promise to convey by general warranty deed becoming subsequently impossible, the impossibility of which might readily have been foreseen by promisor and which could have been by him prevented; the court erred in implying as condition precedent, an undertaking of promisee to bring about condition in absence of justifiable assumption therefor; the court erred in granting summary judgment based on either certain

297

supervening impossibility of performance or breach of implied promise (condition precedent) lacking applicable evidence of material circumstances surrounding contract formation.

We overrule these points.

Appellant contends that appellees had the means to perform when they made the promise but had lost that means when the performance became due. That the adverse possession by strangers to the title existed at the time that the contract was entered into and limitations had started to run, that this fact was known to both contracting parties at the time, that when the time came for the appellees to complete the contract, it had become impossible for them to deliver title to the disputed acreage. From this appellant argues that any loss should be borne by appellees by a proportionate reduction in the purchase price for the land. In support of this position, appellant has cited numerous cases and authorities [1] stating that where a supervening impossibility of performance occurs, the loss should be borne by the promisor (appellees) and he could have contracted against such contingency had he chosen to do so. These are not cases involving the sale of land.

■ This case is controlled by the rule of law announced in Whitaker v. Felts, 137 Tex. 578, 155 S.W.2d 604 (1941), to the effect that the covenantee cannot yield to an opposing claim of title which is inferior to his own, and still hold his warrantor liable in damages. Under the terms of the contract of sale, appellant's title was superior to that of the naked trespasser then in possession of the acreage in dispute. Consequently he cannot hold appellees, his warrantors, liable in damages.

■ Appellees can also prevail under the theory of equitable conversion as announced in Leeson v. City of Houston et al., 243 S.W. 485, (Tex.Com.App.1922, holding approved), where the Court stated:

"By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation or loss thereto without fault of either party must be borne by him."

The Commission of Appeals then concluded with these words:

"That under the contract of sale and delivery of possession to Leeson the equitable title to the property passed to him as of the date of his possession, subject only to the condition that defendant company collect the note left with it for that purpose, and that from that date he was invested with all benefits and charged with all burdens of ownership."

■ Appellant had the right to protect his title against the trespassers. 56 Tex. Jur.2d, Trespass to Try Title Sec. 10, (1964).

■ Appellant's points four and five, briefed together, are as follows: the court erred, in treating on summary judgment motion, as an admission establishing fact thereof, allegation of pleading on information and belief as against positive factual affidavit controverting allegation, thus weighing evidence; the court erred in attributing probative value of an admission

1. Williston on Contracts, Sections 1934–1937; 17A C.J.S. Contracts § 463(1)a., p. 607; Northern Pacific Railway Co. v. American Trading Company, 195 U.S. 439, 25 S.Ct. 84, 49 L.Ed. 269; Houston Ice & Brewing Co. v. Keenan, 99 Tex. 79, 88 S.W. 197; Davis v. Davis, 266 S.W. 797 (Tex.Civ.App.); Gunter v. Robinson, 112 S.W. 134 (Tex.Civ.App.) among others.

to an allegation of pleading on information and belief.

We sustain point four.

■ Under the rule announced by First National Bank of Hereford v. Hogan, 185 S.W. 880, 882 (Tex.Civ.App. Amarillo 1916 writ ref'd) (citing Pope v. Allis, 115 U.S. 363, 6 S.Ct. 69, 29 L.Ed. 393) averments in a pleading are competent evidence in a subsequent suit against the party making them, and the fact that the averments are made on information and belief goes only to their weight, and not to their admissibility. Consequently a fact situation is presented thus precluding summary judgment. Since appellant is seeking specific performance of the contract, if the acreage allegedly held by adverse users has been lost, then this loss must be borne by appellant, however, if the acreage has not been lost to the adverse users, then appellees are in a position to convey that which they had originally contracted to do.

■ Appellant's sixth point of error is as follows: the court erred in admitting, over objection, proof relevant to, and in finding and giving effect to, issues constituting affirmative defense never pleaded.

We overrule this point.

As we understand appellant's position here, since appellees answered only by a general denial, they were precluded from the right to summary judgment through their motion and attendant affidavits; that appellees were attempting to raise an affirmative defense for the first time in a summary judgment proceeding.

■ A summary judgment can be proper even though the only formal pleading of the party moving for such is a general denial. Sims v. Auringer, 301 S.W.2d 286, (Tex.Civ.App.—Fort Worth, 1957, writ ref'd n. r. e.).

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.