Alfred E. FANT, Appellant,

v.

Fred HOWELL et ux., Appellees.

No. 12395.

Court of Civil Appeals of Texas, Austin.

May 19, 1976.

Rehearing Denied June 9, 1976.

J. W. Thomas, Jr., Temple, and Raymond T. Palladino, Waco, for appellant.

Zollie Carl Steakley, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellees.

O'QUINN, Justice.

Fred Howell and wife, in April of 1961, contracted to sell a tract of land in Bell County to Alfred E. Fant, who under the contract was to have exclusive possession of the land pending final payment of the purchase price of $30,000, at which time Fant was to receive a general warranty deed from the Howells.

The Howells moved from Bell County to Smith County, and Fant went into possession shortly after the contract was executed. The contract described the land by metes and bounds, the description ending with the words, ". . . containing 227 acres of land, more or less. (Sometimes called 252 acre tract)." It is undisputed that at the time the contract was made third persons were in adverse possession of about 33 acres of the land, a fact known to both contracting parties.

Later survey of the property disclosed that the entire tract contained nearly 260 acres of land, and that after subtracting the 33 acres adversely held, nearly 227 acres remained. Upon final payment of the purchase price, Fant demanded a warranty deed to the 33 acres adversely held, as well as the larger portion of the tract. The Howells were willing to deliver a deed with general warranty to approximately 227 acres, but not to the 33 acres in possession of third persons.

Fant brought this suit for specific performance and to require a deed with general warranty to all the land.

In an earlier appeal from a summary judgment in this case, this Court reversed the summary judgment and remanded the cause for further proceedings. 410 S.W.2d 294, Tex.Civ.App., writ dism'd. The prior decision determined only that summary judgment was improperly granted because a fact issue remained as to whether title to the 33 acres had been perfected by adverse possession. In retrial below the parties stipulated that adverse possession had matured and third persons had acquired limitation title to the 33 acres.

In this appeal the Howells take the position that since limitation title ripened only during the period in which Fant was in exclusive possession, Fant was invested with equitable title, so that any enhancement to the property inured to his benefit, and any detriment or loss must also be borne by him. We agree with this contention and will affirm the judgment.

■ It is undisputed that at the time Fant went into exclusive possession under the contract of sale limitation title had not ripened in the third persons as to the 33 acres and did not mature until about three years thereafter.

■ It is settled that the purchaser under a contract of sale who goes into possession of the property acquires equitable title and by reason of the right receives any enhancement and must bear any detriment occurring without the fault of seller or purchaser. *Leeson v. City of Houston,* 243 S.W. 485, 488 (Tex.Comm'n App.1922, jdgmt adopted); *Rives v. James,* 3 S.W.2d 932 (Tex.Civ.App. San Antonio 1928, writ

dism'd). We are aware of authority distinguishing between equitable title and equitable right, but under the facts of this case the distinction is immaterial. See Lynn: *Bankruptcy and the Land Sales Contract*, 5 Tex.Tech.L.Rev. 677, 681 et seq. (1974). Under the facts of this case Fant, as holder of equitable title or equitable right was entitled to support or defend an action in trespass to try title involving third persons who were not parties to the contract of sale. *American Nat. Ins. Co. v. Bass*, 111 S.W.2d 769, 771 (Tex.Civ.App. San Antonio 1937, writ dism'd).

Such damages as may have occurred by reason of limitation title maturing in favor of third persons must be borne by Fant as holder of equitable title under the rule of *Leeson, supra.* The trial court, therefore, properly excluded evidence offered to show an amount of damages.

For the reasons stated, the judgment of the trial court is in all things affirmed.

Affirmed.