Alfred E. FANT, Petitioner,

v.

Fred HOWELL et ux., Respondents.

No. B–6142.

Supreme Court of Texas.

Feb. 9, 1977.

**262**

J. W. Thomas, Jr., Temple, Raymond T. Palladino, Waco, for petitioner.

Bowmer, Courtney, Burleson & Pemberton, Zollie Carl Steakley and Tom Normand, Temple, for respondents.

1. Following the metes and bounds description of the tract, the contract recites ". . . containing 227 acres of land, more or less. (Sometimes called 252 acre tract)." A subsequent survey apparently showed the tract to contain 259.58 acres.

2. A special condition of the contract of sale provided that whenever two existing liens on the property were fully paid the Howells would then convey the land to Fant by general warranty deed, and Fant would execute a note in the amount of the balance owed and would also execute a deed of trust. The pertinent language of condition number 9(b) is as follows: "It is understood that the Federal Land Bank of Houston has a first lien on the property securing a note, the unpaid principal balance thereon

SAM D. JOHNSON, Justice.

This suit was brought by Alfred E. Fant against Fred and Bessie Howell for specific performance of a contract to convey property by general warranty deed and for compensation for a portion of the tract lost by adverse possession to third parties. The trial court rendered a directed verdict for the Howells and the court of civil appeals affirmed. 537 S.W.2d 350. We reverse and remand to the trial court.

On April 21, 1961 the Howells and Fant entered into a contract of sale for a tract of land [1] in Bell County. The agreed purchase price was $30,000 and Fant made a down payment of $1,700. The $28,300 balance, with interest, was to be paid off in installments of $300 per month. Fant received "whatever physical possession the HOWELLS then had of the property" upon the execution of the contract and, according to the terms thereof, was to receive a general warranty deed from the Howells at a later date.[2] At the time the contract was signed, third parties were in adverse possession of approximately 32.58 acres of the property in issue and this fact was known to both the Howells and Fant. It was stipulated that the third parties acquired limitation title by adverse possession to the 32.58 acres some three years after the contract was signed.

Subsequent to the acquisition of limitation title by the third parties, Fant tendered, in September 1964, a check for $21,800, the amount then owing under the contract for the balance of the purchase price,

being approximately $4,700.00, and that Eleanor Howell has an unrecorded lien securing the payment of $1,000.00 which Fred Howell has agreed to pay her at the time he conveys the above described property. Said $1,000.00 note does not bear interest. It is agreed that Seller will pay the annual installments on the Federal Land Bank lien as they mature. *The Seller shall convey the property* [by general warranty deed] *to the Purchaser and take the Purchaser's note*, secured by vendor's lien and deed of trust lien for the amount of the unpaid principal and interest which may still be owed at the time of such conveyance, *whenever the above mentioned lien indebtednesses have been fully paid, . . .*" [Emphasis added.]

and demanded a general warranty deed to the entire tract. The Howells refused to make such conveyance, asserting that because of Fant's inaction title to a portion of the land had vested in third parties through adverse possession under the ten year statute of limitations. Instead, the Howells offered to execute a warranty deed which limited the terms of their general warranty to the date of the contract; it recited that the "FANTS agree that insofar as the warranty contained in such deed to them is concerned, HOWELLS expressly preserve, have and retain any defenses to an action against them on such warranty, if such defense arises from, or is based upon, any act or omission of FANTS, or action or inaction of FANTS, or either of them, which has occurred since April 21, 1961, and the warranty is limited to that extent." Fant would not agree to this limitation and instituted this suit which sought a general warranty deed covering the entire tract. By supplemental pleadings Fant now appears to be seeking partial specific performance in the form of a general warranty deed to the portion of the tract not lost through adverse possession and, in addition, compensation for the portion lost through adverse possession.[3]

Upon the trial court's initial consideration of this case, it rendered a summary judgment that Fant take nothing. The judgment further provided that upon payment by Fant of the full purchase price the Howells were to execute and deliver a warranty deed containing the limitation proposed by the Howells.

On appeal the court of civil appeals reversed and remanded on the issue of whether title to a portion of the tract had indeed been lost through adverse possession.[4] 410

S.W.2d 294. The court of civil appeals wrote that if title had been lost through adverse possession after Fant went into possession then Fant could not recover against the Howells, and cited *Whitaker v. Felts,* 137 Tex. 578, 155 S.W.2d 604 (Tex. Com.App.1941, opinion adopted), and *Leeson v. City of Houston,* 243 S.W. 485 (Tex. Com.App.1922, jdgmt. adopted).

On remand Fant testified Howell promised to initiate a trespass to try title action against the third parties who were in possession of a portion of the tract and he offered as evidence of this promise a copy of a letter from Howell to Fant in which Howell agreed to file such an action if necessary. The trial court sustained Howell's objection to the introduction of the copy of the letter but overruled his objection to Fant's testimony. Fant also testified he made a demand upon Howell to file a trespass to try title action.

During this proceeding the parties also made the following stipulations of fact: (1) at the time of the contract of sale, April 21, 1961, the Howells and Fant knew that third parties were claiming a portion of the tract; (2) on the date of the contract Howell and his wife surrendered to Fant "whatever physical possession the HOWELLS then had of the property"; and (3) third parties had been in adverse possession of a portion of the tract for approximately seven years prior to April 21, 1961 and title was lost to this portion through adverse possession about three years later. On the basis of these stipulated facts and the court of civil appeals' first opinion, the trial court rendered a directed verdict for the Howells on the grounds that Fant, as a purchaser who went into possession, should bear any loss resulting from this adverse possession and

---

**3.** Fant's first supplemental petition recites: "That if the defendants are unable to perform said contract as agreed and convey to the plaintiff a General Warranty Deed as agreed, then the plaintiff is entitled to be compensated for the land they did not receive and that was lost through limitation title because of the fault of the defendants and that the amount of the compensation due the plaintiff should be based on the market value of the land at the time the General Warranty Deed should have been delivered, said value being $450.00 per acre and further, that plaintiff be given his General Warranty Deed regarding the true balance of the remaining land being approximately 227 acres, more or less."

**4.** This court dismissed an application for writ of error for want of jurisdiction.

that this proposition was the "law of the case."

The court of civil appeals affirmed on the basis of *Leeson v. City of Houston, supra,* holding that "the purchaser under a contract of sale who goes into possession of the property acquires equitable title and by reason of the right receives any enhancement and must bear any detriment occurring without the fault of seller or purchaser." 537 S.W.2d 350 at 351.

■ An initial issue to be resolved is whether this court is bound by the first opinion of the court of civil appeals under the doctrine of the "law of the case." In *Burchfield v. Markham,* 156 Tex. 329, 294 S.W.2d 795 (1956), this court was faced with the following situation: The trial court rendered a summary judgment for Markham; the court of civil appeals reversed and remanded for a new trial; in its opinion the court of civil appeals gave its interpretation of a pertinent statute; this court refused an application for writ of error with the notation "no reversible error"; on remand the trial court rendered a judgment for Markham after a jury trial; and this judgment was affirmed by the court of civil appeals. Markham contended this court had to affirm because the appeal from the second decision of the court of civil appeals was governed by the "law of the case" as established in the first opinion by the court of civil appeals. This court stated:

> "While the Court of Civil Appeals does state in its opinion that under its interpretation of the Real Estate Dealers License Act a contract to divide a commission between an attorney at law and a real estate dealer was lawful, it was not shown in the summary judgment proceeding just what the facts were in the case. As the Court of Civil Appeals stated, 'The facts and circumstances surrounding the transactions between the parties are disputed, and must be ascertained before their legal effect can be determined. The existence of any genuine issue of fact prevents the granting of summary judgment.' [*Burchfield v.*

*Markham*], 267 S.W.2d 866, 867. *By refusing the application for writ of error with the notation of 'no reversible error' the Supreme Court approved only the result reached by the Court of Civil Appeals and not the statements as to the law in the opinion.*" 294 S.W.2d 795 at 798. [Emphasis added.]

The court concluded that "[u]nder the above facts it cannot be held that these statements of the Court of Civil Appeals [in its first opinion] setting forth its interpretation of the Act is the 'law of the case' binding on this Court," 294 S.W.2d 795 at 798, and then reversed and rendered judgment for Burchfield. Here, the initial summary judgment rendered by the trial court was reversed and the cause remanded by the court of civil appeals and this court dismissed the application for writ of error for want of jurisdiction. Under the reasoning of this court in *Burchfield v. Markham, supra,* the statements by the court of civil appeals in its first opinion that the instant case is governed by *Whitaker v. Felts, supra,* or by *Leeson v. City of Houston, supra,* are not the "law of the case."

■ Having concluded that the first opinion of the court of civil appeals did not establish the "law of the case," the next issue to be resolved is whether *Whitaker v. Felts, supra,* or *Leeson v. City of Houston, supra,* does indeed control the instant case.

In *Whitaker v. Felts, supra,* the cause of action was based on a *breach of a warranty deed.* The court reasoned that no breach of a warranty deed exists when the purchaser has yielded to a title which is inferior to that which he received from the seller. In the instant case Fant has not brought an action based on a breach of a warranty deed; rather, Fant's suit is for a *breach of a contract to deliver a warranty deed* to him. Thus, the reasoning of *Whitaker v. Felts, supra,* does not apply to the present action.

The case of *Leeson v. City of Houston, supra,* stands for the proposition that a purchaser under a contract of sale who goes into possession of a tract of land receives

the benefit of any enhancement in the land and must bear any detriment, depreciation, or loss which is not the fault of either party to the contract.[5] From the record and the stipulated facts in this case it is clear that Fant never went into possession of that portion of the tract[6] which was being claimed by adverse possession by the third parties. Therefore, this proposition of law is inapplicable.

The decision which does control the instant case is *English v. Jones,* 154 Tex. 132, 274 S.W.2d 666 (1955). English contracted to sell to Jones full title to a tract of land. At the time of the contract English only owned a ⅝th undivided interest in the property and Jones was aware of this fact. The remaining ⅜th undivided interest was owned by English's children and at the time of the contract of sale the children were willing to join in a sale of the property. However, disagreements later arose due to English's insistence as to the manner of sharing the proceeds of the sale and English was unable to convey full title. This court applied the general rule "that the purchaser, if he chooses, is entitled to have the contract specifically performed, as far as the vendor can perform it, and to have an abatement out of the purchase money or compensation for any deficiency in the title, quantity, quality, description or other matters touching the estate." 274 S.W.2d 666 at 668. The court further held that under the circumstances of the case before it the fact Jones knew at the time of the contract that English did not have full title to the property did not bar his right to partial specific performance. In the instant case Fant was aware of potential difficulty in the fulfillment by the Howells of their promise to convey the property by general warranty deed. However, there is nothing in the record before this court to excuse the failure of the Howells to initiate a trespass to try title suit against the third parties in adverse possession of a portion of the tract and thereby remain capable of fulfilling their promise to Fant to convey the entire tract by general warranty deed. Accordingly, under the facts of the instant case, Fant is entitled to receive (1) an abatement of the purchase price in the amount of the market value as of April 21, 1961 of the acres lost to third parties through adverse possession; (2) the return of interest payments attributable to the amount of the purchase price abated; and (3) partial specific performance in the form of a general warranty deed covering the remaining portion of the tract.

The judgments of the courts below are reversed and the cause is remanded to the trial court for the purpose of ascertaining the amount of the abatement of the purchase price and of the interest to be returned, for partial specific performance in the form of a general warranty deed covering that portion of the tract not lost through adverse possession, and for the determination of the acreage to be covered by this general warranty deed.

---

5. *Leeson v. City of Houston, supra,* at 488, recites: "By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him."

6. As stated by the court of civil appeals in its first opinion, 410 S.W.2d 294 at 295: "Appellant Fant went into possession of the property, except that portion adversely occupied . . . ."