T.C. Memo. 2000-285


UNITED STATES TAX COURT


KENNETH L. MUSGRAVE AND ETTA D. MUSGRAVE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11209-98.            Filed September 6, 2000.


<u>David L. Hooper</u>, for petitioners.

<u>George E. Gasper</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  This case is before the Court fully
stipulated.  See Rule 122.[1]  Respondent determined deficiencies
in petitioners' 1994 and 1995 Federal income tax of $66,886 and
$41,020, respectively.  The sole issue we must decide is whether

---

[1]Rule references are to the Tax Court Rules of Practice and
Procedure. Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the years in issue.

petitioners' entry into a contract for deed of real property with a charitable organization in 1994 constituted, in part, a completed gift. We hold that it did.

The stipulation of facts and attached exhibits are incorporated herein. The stipulated facts are hereby found.

### Background

When the petition was filed, petitioners resided in Abilene, Texas. Petitioners owned a property located at 3001 North 3d Street, Abilene, Texas (the property). On November 30, 1994, petitioners signed a contract for sale of the property (contract for deed) with the Word of Emmanuel Church (the Church). Petitioners agreed to sell and the Church agreed to purchase the property for $152,500, to be paid in monthly installments of $1,400 each, beginning on January 1, 1995. When the contract for deed was signed, the property was valued at $450,000. The value of the property is not an issue.

Under the contract for deed,[2] petitioners retained legal

---

[2]In Graves v. Diehl, 958 S.W.2d 468, 470-471 (Tex App. 1997), a contract for deed was described as:

an agreement by a seller to deliver a deed to property once certain conditions have been met. BLACK'S LAW DICTIONARY 325 (6th ed. 1990). These contracts, also referred to as "land sale contracts" or "contracts of sale" typically provide that upon making of a down payment, the buyer is entitled to immediate possession of the property; however, [legal] title remains in the seller until the purchase price is paid in full. * * *

title to the property. The Church had full rights to enter upon and to enjoy the property. In addition, the contract for deed provided the Church would: Insure all improvements on the property with loss payable to petitioners, keep all improvements in good repair and condition, assume and pay all taxes on the property, and keep the improvements on the property occupied. When the entire purchase price had been paid by the Church, petitioners were required to convey the legal title of the property to the Church. The contract for deed prohibited the Church from assigning, selling, pledging, or mortgaging the property without petitioners' consent. The contract for deed specified, in part, that if the Church was in default in the payments, petitioners could elect to declare the entire unpaid indebtedness to be due and payable and enforce collection or to declare the contract canceled.[3] As long as the Church made prompt payments on the indebtedness, the Church had the right to occupy the property.

Petitioners claimed a charitable contribution deduction on their 1994 Federal income tax return for the difference between the property's $450,000 fair market value and its $152,500 selling price. A part of the deduction was carried over to their 1995 income tax return. Respondent's deficiency determinations

---

[3]The provision required written notice of default to be given to the Church and allowed a grace period of 15 days to cure the default before petitioners could exercise their rights.

are a consequence of the denial of this charitable deduction and the carryover into 1995.

On December 30, 1997, Kenneth L. Musgrave, conveyed legal title to the property, by warranty deed with vendor's lien to the Church. The conveyance was duly recorded in the office of the county clerk of Taylor County, Texas. The Church delivered a real estate lien note to Kenneth L. Musgrave in the principal sum of $133,315.69 and a deed of trust dated December 30, 1997, securing such note with the property.

### Discussion

Section 170(a) allows a deduction for any charitable contribution made during the taxable year. Section 170(c) defines the term "charitable contribution" to include a contribution or gift to or for the use of a corporation, trust, or community chest, fund, or foundation organized and operated exclusively for religious purposes. A taxpayer who sells property for less than the property's fair market value (i.e. makes a bargain sale) to a charity is typically entitled to a charitable contribution deduction equal to the difference between the fair market value of the property and the amount realized from the sale. See Stark v. Commissioner, 86 T.C. 243, 255-256 (1986); Knott v. Commissioner, 67 T.C. 681 (1977);

Waller v. Commissioner, 39 T.C. 665, 677 (1963); sec. 1.170A-4(c)(2), Income Tax Regs.

In order for a bargain sale to constitute a charitable contribution, the seller must make the sale with the requisite charitable intent, and the fair market value of the property on the date of the sale must in fact exceed the selling price. See United States v. American Bar Endowment, 477 U.S. 105, 118 (1986) ("The sine qua non of a charitable contribution is a transfer of money or property without adequate consideration. The taxpayer, therefore, must at a minimum demonstrate that he purposely contributed money or property in excess of the value of any benefit he received in return."). Further, for the contribution to be deductible, the taxpayer must place the donated property beyond his or her control during the requisite tax period. See Stark v. Commissioner, supra at 257.

Respondent concedes that a gift to the Church is a charitable contribution. Respondent also concedes that petitioners had the requisite charitable intent. The only issue before the Court is whether petitioners' entry into the contract for deed effected a completed gift of the property during the requisite tax period. Resolving the issue involves answering two interrelated questions. First, was the interest conveyed sufficient to constitute a completed gift? Second, when were the sale and gift completed?

What Was Conveyed?

State law controls the determination of the nature of the property interest the taxpayer conveyed. See United States v. National Bank of Commerce, 472 U.S. 713, 722 (1985) (citing and quoting Aquilino v. United States, 363 U.S. 509, 512-513 (1960)). In order to determine the property rights transferred by the contract for deed we must therefore look to Texas property law.

In determining what the relevant State law is "the State's highest court is the best authority on its own law." Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967). The decision of an "intermediate appellate state court ... is a datum for ascertaining state law which is not to be disregarded", unless the Federal court is convinced that the State's highest court would decide differently. Id. The decrees of "lower state courts should be attributed some weight", but their decisions are not controlling where the highest court of the State has not spoken on the point. Id. (quotation marks and citation omitted).

State Law

Petitioner and respondent cite seemingly conflicting lines of authority in setting out their respective positions on what rights a purchaser acquires under a contract for deed in Texas.

Respondent relies on a line of cases that starts with Johnson v. Wood, 157 S.W.2d 146 (Tex. 1941) (an opinion adopted

by the Supreme Court of Texas)[4] for the proposition that a purchaser under a contract for deed receives a mere equitable right to complete the contract. One court of appeals in Texas has followed Johnson, stating it is the controlling law in Texas. See Club Corp. of Am. v. Concerned Property Owners, 881 S.W.2d 620, 626 (Tex. App. 1994). On the basis of these cases, respondent argues petitioners are not entitled to a charitable contribution deduction in 1994, the year that they entered into a bargain sale of real property (contract for deed) with the Church. Respondent argues the contract for deed petitioners entered with the Church was an executory contract. The contract contemplated petitioners retaining legal title to the property until the Church had made all of the payments required. Respondent concludes that because the contract was executory, the gift was incomplete in 1994.

Petitioners rely on a line of cases[5] which finds its origin in the case of Leeson v. City of Houston, 243 S.W. 485 (Tex. Commn. App. 1922). These cases stand for the proposition that the purchaser receives equitable title to the property either at

---

[4]The significance of an opinion's being adopted as opposed to a judgment's being adopted is discussed infra p. 8.

[5]Fant v. Howell, 547 S.W.2d 261, 264-265 n.5 (Tex. 1977); City of Austin v. Capitol Livestock Auction Co., 453 S.W.2d 461, 464 (Tex. 1970); Graves v. Diehl, 958 S.W.2d 468 (Tex. App. 1997); Bucher v. Employers Cas. Co., 409 S.W.2d 583, 584 (Tex. App. 1966).

contract signing or when he takes occupation.  The Supreme Court of Texas adopted the judgment in Leeson.  Relying on these cases, petitioners argue:

> Petitioners' gift to the Church was completed in 1994 when Petitioners and the Church executed the Contract [for deed].  Such act gave the Church unrestricted possession of the Property and equitable title to the Property.  At such time, the Church had the risk of loss from destruction of improvements upon the Property or decrease in the Property's value.  The Church also had the benefit of any increase in value of the Property.  In fact, the Church had all obligations and benefits of ownership of the Property.

In order to determine the rights given to a purchaser under Texas law it is necessary to examine the precedential value of both lines of cases.  Both Johnson v. Wood, supra, and Leeson were decided by the Texas Commission of Appeals, an adjudicative body formed to alleviate the workload of the higher courts of Texas.  See Club Corp. of Am. v. Concerned Property Owners, supra at 625-626 (citing Texas Law Review Association, Texas Rules of Form, ch. 5, at 14-17 (8th ed. 1995)).  The precedential value of a case decided by the commission depends on whether the opinion was adopted, the holding was approved, or the judgment was adopted by the Supreme Court of Texas.  See id. at 626.  If the Supreme Court adopts the commission's opinion, then it is treated as a precedent having the full authority of a Supreme Court of Texas decision.  See id.  If the Supreme Court merely approves the holding or adopts only the judgment, then the precedential value of the commission's opinion is limited.  See id.

By adopting the judgment in <u>Leeson v. City of Houston</u>, <u>supra</u>, the Supreme Court of Texas indicated that it approved neither the specific holding nor the reasoning of the commission. Thus, <u>Leeson</u>'s value as precedent on the issue of property interests conferred by a contract for deed appears, at first glance, questionable.

The Supreme Court of Texas, however, has on two separate occasions cited with approval the specific portion of <u>Leeson</u> that states the purchaser under a contract for deed becomes the equitable owner of the property. See <u>Fant v. Howell</u>, 547 S.W.2d 261, 264-265 n.5 (Tex. 1977); <u>City of Austin v. Capitol Livestock Auction Co.</u>, 453 S.W.2d 461, 464 (Tex. 1970). <u>Leeson</u>, therefore, has also been approved on this point by the Supreme Court of Texas.

Moreover, the Supreme Court of Texas has cited <u>Bucher v. Employers Cas. Co.</u>, 409 S.W.2d 583, 584 (Tex. App. 1966) for the proposition the "contract for sale effects change of ownership wherein the purchaser becomes [the] equitable owner of the property while all that remains in the seller is bare legal title, more in the nature of security to guarantee payment than anything else." <u>Criswell v. European Crossroads Shopping Center, Ltd.</u>, 792 S.W.2d 945, 949 (Tex. 1990).[6]

---

[6]The Court of Civil Appeals of Texas said:

(continued...)

Interest Conveyed Under Texas Law

We find the reasoning of the two lines of cases to be reconcilable.  Leeson v. City of Houston, supra and its progeny stand for the proposition that as against parties not privies to the contract for deed, on execution of the contract for deed and upon entry onto the property the purchaser acquires all the benefits and burdens of ownership.  Simply stated, as against third parties the purchaser receives full equitable title when the contract is signed and the purchaser enters into possession.

In contrast, Johnson v. Wood, 157 S.W.2d 146 (Tex. 1941) and its progeny stand for the more limited proposition that as against the vendor of the property the purchaser under a contract for deed has an equitable right to specific performance.  The

_____

[6](...continued)
The Texas courts have uniformly held that a contract of sale such as is here involved does effect a change of ownership.  Under such a contract the purchaser becomes full beneficial or equitable owner of the property.  All that remains in the seller is a bare legal title, more in the nature of a security title to guarantee payment of the purchase price than anything else.  The rule is summed up in 58 Tex. Jur. 2d 497, 499, § 267, under the heading "Vendor and Purchaser," as follows: "The purchaser, however, acquires an equitable title or interest in the property from the date of the contract, or in any event from the time when he enters into possession, until his interest ripens into a legal title by an absolute conveyance or, where the transaction consists in a conveyance and a reserved lien, by payment of the price or performance of the contract.  The passing of the equitable title is a matter of law and not a matter of stipulation in a contract." [Bucher v. Employers Cas. Co., supra at 584.]

purchaser is not entitled to a full equitable title and the right to demand the conveyance of the legal title until he has completely performed his payment obligation.

Federal Tax Consequences

When a bargain sale, in part, constitutes a charitable contribution, normally the sale will occur at the same time the gift is complete. See, e.g., Stark v. Commissioner, 86 T.C. at 257. In Baird v. Commissioner, 68 T.C. 115, 124 (1977), this Court considered when a sale of property occurred for tax purposes and stated:

> The question of when a sale is complete for tax purposes is essentially one of fact which must be resolved by an examination of all of the facts and circumstances, no single one of which is controlling. The test is one of practicality. Clodfelter v. Commissioner, 426 F.2d 1391 (9th Cir. 1970), affg. 48 T.C. 694 (1967); Commissioner v. Segall, 114 F.2d 706 (6th Cir. 1940), revg. 38 B.T.A. 43 (1938); Deyoe v. Commissioner, 66 T.C. 904 (1976). In examining the circumstances surrounding a conveyance of property to determine when it has occurred, the focus is directed to a consideration of when the "benefits and burdens" of ownership have shifted. Merrill v. Commissioner, 40 T.C. 66 (1963), affd. per curiam 336 F.2d 771 (9th Cir. 1964). And for purposes of real property, a sale is generally considered to have occurred at the earlier of the transfer of legal title or the practical assumption of the benefits and burdens. Dettmers v. Commissioner, 430 F.2d 1019 (6th Cir. 1970), affg. 51 T.C. 290 (1968); Deyoe v. Commissioner, supra.* * *

A closed transaction for Federal tax purposes results from a contract of sale which is absolute and unconditional on the part of the seller to deliver to the buyer a deed upon payment of the

consideration and by which the purchaser secures immediate possession and exercises all the rights of ownership. The delivery of a deed may be postponed and payment of part of the purchase price may be deferred by installment payments, but for taxing purposes it is enough if the vendor obtains under the contract the unqualified right to recover the consideration. See Merrill v. Commissioner, 40 T.C. 66 (1963) (quoting Commissioner v. Union Pac. R. Co., 86 F.2d 637, 639 (2d Cir. 1936), affg. 32 B.T.A. 383 (1935)), affd. per curiam 336 F.2d 771 (9th Cir. 1964).

It has long been recognized that property, in the legal sense, means not the thing itself, but the rights which inhere in it. Ownership of property is not a single indivisible concept but a collection or bundle of rights with respect to the property. See, e.g., Merrill v. Commissioner, supra at 74. In this case under Texas law the full equitable title did not pass to the Church when the contract for deed was signed in 1994. However, as against third parties the Church received equitable title to the property. The Church bore the risk of loss or gain in the value of the property, had a right to possession, could sue third parties for nuisance or trespass, could erect improvements on the land, was responsible for all taxes on the property, and, with consent of the vendor, could mortgage the property. As against petitioner the Church had the equitable

right, subject to its performance under the contract, to specific performance of the contract for deed.

Concentrating on the substance of the transaction, we conclude that the bundle of rights that the Church received is essentially the same bundle of rights[7] that would have been received had the Church obtained legal title to the property and granted a mortgage back to petitioner.  On brief, respondent does not dispute that the latter transaction is a completed gift.  The Supreme Court of Texas describes the substance of a contract for deed as effecting "a change of ownership wherein the purchaser becomes [the] equitable owner of the property while all that remains in the seller is bare legal title, more in the nature of security to guarantee payment than anything else."  Criswell v. European Crossroads Shopping Center, Ltd., 792 S.W.2d at 949. For Federal income tax purposes we find no reason to treat the transactions differently.

---

[7]We recognize there are technical differences in the remedies available to the vendor on default by the purchaser; however, we are not convinced they are significant for Federal taxation purposes in this case.

We hold that a sufficient quantity of the benefits and burdens of ownership passed to the Church so that the transaction was closed for Federal income tax purposes when the contract for deed was signed in 1994.  Petitioners made a completed gift in 1994.  Accordingly,

<u>Decision will be</u>

<u>entered for petitioners</u>.