**Charles ATKIN and Bernard Abrams, Appellants,**

v.

**Earle E. COBB, Jr., Appellee.**

**No. 16630.**

Court of Appeals of Texas, San Antonio.

Nov. 16, 1983.

Rehearing Denied Dec. 15, 1983.

Joel H. Pullen, Tinsman & Houser, Jay Sam Levey, Levey, Levey & Bough, San Antonio, for appellants.

Thomas H. Crofts, Jr., Norman L. Nevin, Groce, Locke & Hebdon, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## ON MOTIONS FOR REHEARING

CADENA, Chief Justice.

Both appellants and appellee have filed motions for rehearing. Appellant's motion for rehearing is overruled. Appellee's motion for rehearing is granted only insofar as his complaint concerning our reversal of the award of attorney's fees is concerned. In all other respects the appellee's motion for rehearing is overruled. However, the following is substituted for the opinion originally filed herein and such previous opinion is withdrawn.

Defendants, Charles Atkin and Bernard Abrams, appeal from a judgment, based on jury findings, granting plaintiff, Earle E. Cobb, Jr., partial specific performance of a contract calling for the conveyance of certain real estate by defendants to plaintiff; awarding plaintiff damages resulting from the delay by defendants in performing so much of the contract as they were able to perform; awarding plaintiff "loss of bargain" damages resulting from the failure of defendants to convey the full interest in the property; and granting plaintiff recovery of attorney's fees.

The contract was executed on August 8, 1977. Plaintiff agreed to pay $150,000 for the conveyance of the property. The contract required plaintiff to make a cash down payment of $20,000, $5,000 of which was immediately payable to the escrow agent. The remaining $15,000 of the down payment was due on September 7, which was the date of closing under the terms of the contract, at which time plaintiff was required to tender a first lien note secured by a deed of trust, to guarantee payment of the remainder of the purchase price.

Prior to the date of closing, defendants discovered that they could convey only a ¾ interest in the property. The other ¼ interest was owned by the wife of defendant, Abrams, who was not a party to the contract and who refused to convey her interest to plaintiff. At no time prior to the filing of this suit did defendants offer to convey their ¾ interest to plaintiff.

The jury found: (1) Plaintiff tendered the cash down payment, executed first lien note and executed deed of trust to defendants as required by the contract; (2) the fair market value of the entire interest in the property in September, 1977, was $159,000; (3) at the time of trial the fair market value of the entire interest in the property was $260,000; (4) plaintiff suffered damages in the amount of $30,500 ($2,500 for "loss of equity in the property," $8,000 because of the increased cost of obtaining a loan which plaintiff would require in order to make it suitable for use as plaintiff's law office, and $20,000 because of the increased cost of improving the property); (5) the parties signed the contract as the result of a mutual mistake concerning the ownership of the property; and (6) plaintiff is entitled to recover $3,200 as attorney's fees through the trial stage, and additional $1,500 if the cause is appealed to the intermediate appellate court, and an additional $1,000 "on appeal to the Supreme Court of Texas." The jury refused to find that defendants were not acting in good faith at the time the contract was executed.

The judgment provided that:

(1) Defendants execute a general warranty deed conveying a ¾ interest in the property to plaintiff.

(2) Plaintiff tender into the registry of the court $15,000 in cash or cashier's check, as well as his promissory note, payable to defendants, in the principal amount of $97,500, bearing interest at the rate of 8½ per year and a deed of trust to secure payment of the note.

(3) Plaintiff recover $30,500 for 'breach of contract' and $27,500 as compensation for 'the loss of bargain for the ¼ undivided interest in the property' which defendants were unable to convey.

(4) Plaintiff recover attorney's fees as found by the jury.

Defendants' contention that plaintiff cannot recover damages for "breach of contract" and, at the same time, be awarded specific performance of the contract is without merit.

When a plaintiff seeks specific performance, there has, necessarily, been at least a partial breach of the contract by defendant. A defendant who performs his contractual obligation only after a court has ordered him to do so has not timely complied with his contract. There can be no objection to an award of damages, for the breach which occurred prior to the decree which eliminates the possibility of a continuing or future breach. If the delay in performance causes injury to plaintiff, it is proper to award damages as compensation for the injury resulting from defendant's late performance. *Foust v. Hanson,* 612 S.W.2d 251, 253 (Tex.Civ.App.—Beaumont 1981, no writ); *Slaughter v. Roark,* 244 S.W.2d 698, 703 (Tex.Civ.App.—El Paso 1951, writ ref'd n.r.e.); 5 A. CORBIN, CONTRACTS § 1222 (1964).

The record in this case shows that the award of $30,500 "for breach of contract" represents compensation for the loss suffered by plaintiff because of plaintiff's failure to render timely performance.

The fact that plaintiff sought, in the alternative, damages for total breach of the contract should he not be entitled to specific performance does not constitute a waiver of his primary prayer for specific performance and damages for delay in performance.

Defendants challenge the award of $27,500 "loss of bargain" damages based on defendant's failure to convey the outstanding ¼ interest in the property, arguing that such damages may be awarded only where the defaulting party was guilty of bad faith. We disagree.

There are cases, such as *Long v. Brown,* 593 S.W.2d 371 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.), which hold that where a vendor of land is unable to make title as agreed, the purchaser is limited, absent a showing of bad faith on the vendor's part, to recovery of the amount he has paid under the contract. Some difficulty is caused by early cases holding that if the inability of the vendor to convey full title resulted from the homestead character of the land, the purchaser is entitled to "loss of bargain" damages apparently without reference to the question of good or bad faith on the part of the husband. *See Goff v. Jones,* 70 Tex. 572, 575, 8 S.W. 525, 527 (1888).

We need not attempt to resolve this inconsistency. It is settled that where, as here, a vendor is unable to convey the full interest which he has agreed to convey, a purchaser who desires to accept such performance as the vendor is able to render may insist on specific performance with respect to the interest which the vendor can transfer, with abatement in the purchase price proportionate to the deficiency or defect. *Fant v. Howell,* 547 S.W.2d 261 (Tex. 1977).

In this case, plaintiff agreed to pay $150,000 for the entire interest in the property. The judgment requires that he pay $112,500 for a ¾ interest. The contract price of $150,000 was "abated" by $37,500, which is ¼ of the contract price, because of defendants' inability to convey the outstanding ¼ interest. Under *Fant v. Howell, supra,* plaintiff was entitled to such reduction in the contract price.

However, we know of no case in which a purchaser has obtained partial specific performance, with a corresponding abatement in the purchase price, and has also recovered "loss of bargain" damages for the partial breach which resulted in such abatement. Without suggesting that such a windfall recovery would be permissible in a case where the vendor is guilty of bad faith, we have no difficulty in holding that such recovery of "loss of bargain" damages cannot be had in the absence of bad faith. The award of $27,500 as "loss of bargain" damages was error.

The fact that, at the time the contract was signed, all parties mistakenly believed that defendants owned the entire interest in the property is no bar to partial specific performance. *Puckett v. Hoover,* 146 Tex. 1, 4, 202 S.W.2d 209, 212 (1947).

Defendants' argument that there was no evidence or, in the alternative, insufficient evidence, that plaintiff timely

tendered the cash payment as required by the contract is without merit.

The contract named D.B. Harrel Co. as escrow agent. The required cash down payment was $20,000 of which $5,000 was to be deposited with the escrow agent "forthwith," with the balance of $15,000 payable at the time of closing. The delivery of the initial $5,000 to the escrow agent is not disputed.

The contract provided that the sale would be closed within 30 days (September 8). The evidence is undisputed that plaintiff tendered the remainder of the down payment to the escrow agent named in the contract, and the tender was accepted by the escrow agent. By letter dated September 2, 1977, plaintiff notified defendants' attorney, Walter C. Wolff, Esq., of the payment of the balance of the purchase price. In this letter plaintiff pointed out that the warranty deed conveying the property had not been prepared, and that the escrow agent had notified plaintiff that defendants would not comply with the contract because Mrs. Abrams refused to sign the deed.

When plaintiff offered the letter in evidence, defendants objected. During the discussion among the court and counsel for all parties, counsel for defendants said, "We are willing to stipulate that the tender was made."

On September 7, Mr. Wolff told plaintiff that he did not want D.B. Harrel Co. to be the "Trustee of closer" and wanted the closing of the sale to take place in Wolff's office. On September 8, D.B. Harrel delivered the contract of sale and the $5,000 earnest money, but not the $15,000 representing the remainder of the down payment, to Wolff. Wolff refused to accept the $5,000.

The evidence conclusively establishes the tender of the remainder of the cash down payment to the named escrow agent prior to the specified closing date.

▪ In any event, the contract does not make time of the essence. In a suit for specific performance of a contract to convey land, performance on the date specified is not ordinarily considered to be of the essence unless the contract so provides or the attendant circumstances are such as to imply that time is of the essence. This is true even if the contract specifies a date for performance, or, in the case of a contract to convey land, specifies a closing date. *Primm v. Barton,* 18 Tex. 206, 212 (1856). *Caprito v. Grisham-Hunter Corp.,* 128 S.W.2d 149, 155 (Tex.Civ.App.—Eastland 1939, writ dism'd judgmt cor.); A. CORBIN, CONTRACTS § 663 (Kaufman Supp., 1982). The promises of the parties are dependent and, if time is not really of the essence, failure of one party to tender performance on the day set does not discharge the other. It should also be pointed out that in this case the sale was not closed, and the evidence shows that defendants did not intend to perform by September 7.

Special issue 6 inquired concerning the amount of money which would fairly and reasonably compensate plaintiff "for his damages which reasonably and necessarily resulted from the failure of the defendants to perform" the contract. Defendants objected to the issue on the ground that it constituted a comment on the weight of the evidence because it assumed that defendants had failed to perform.

The undisputed evidence is that defendants failed to perform. No deed was ever tendered to plaintiff. Defendants point to testimony that, after plaintiff had filed suit, defendants offered to convey the ¾ interest which they were capable of conveying. In answer to interrogatories, Atkin testified that he "was willing to perform the" contract as to his ½ interest.

Defendants complain of the award of attorney's fees to plaintiff, arguing that (1), there is no basis for an award of attorney's fees because Article 2226, TEX.REV.CIV. STAT.ANN. (Vernon 1971 and Supp.1982–83), is not applicable to this case; and (2) if such statute is applicable, plaintiff failed to plead and prove that he presented his claim to defendants.

Article 2226 has been applied to a suit for specific performance of a written contract to convey land. *Jones v. Kelley,* 614 S.W.2d

95, 100 (Tex.1981); *Okon v. Levy,* 612 S.W.2d 938 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

Plaintiff alleged that he learned, prior to September 7, that defendants would not perform their obligations under the contract, and that he repeatedly tendered performance of his obligations.

 No particular form of presentment is required by the statute. *Jones, supra,* 614 S.W.2d at 100. Defendants did not except to such allegations on the ground that they lacked the required specificity. Such allegations may reasonably be construed as showing a demand for performance by plaintiff.

Wolff, defendants' attorney, testified that both he and plaintiff knew that defendants would not perform. Wolff never prepared a deed for defendants to execute. In the afternoon of the closing date Wolff objected to closing the sale in the office of the escrow agent named in the contract and, in fact, objected to such escrow agent continuing to act as "trustee."

There is testimony that, on the day following the date specified by the contract as the closing date, plaintiff made a full tender again. The evidence is sufficient to support the conclusion that after defendants had, in effect, repudiated the contract, plaintiff was demanding performance.

No issue concerning presentment of the claim was submitted to the jury. However, an issue necessarily referable to plaintiff's claim was submitted and answered by the jury in favor of plaintiff. Defendants did not object to the court's failure to submit issues relating to plaintiff's claim for attorney's fees. Under these circumstances, the omitted issues relating to presentment will be deemed to have been found by the court in a manner which will support the award of attorney's fees. As already pointed out, there is evidence to support such presumed finding. *See* Rule 279, TEX.R.CIV.P.

The judgment of the trial court is reformed by deleting the award of $27,500.00 to plaintiff as damages for "loss of bargain." As so modified, the judgment of the trial court is affirmed.

Plaintiff shall pay 40% of the costs and defendants shall pay the remaining 60%.