Reversed and Remanded and Memorandum Opinion filed January 15, 2008








Reversed and
Remanded and Memorandum
Opinion filed January 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00217-CV

____________

 

JOEL GULLIVER ET UX., MARYANN
GULLIVER,
Appellants

 

V.

 

LEE SHAFER ET UX., PAMELA SHAFER, Appellees

 



 

On Appeal from the County
Civil Court No. 1

Fort Bend County, Texas

Trial Court Cause No. 29325

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Joel and Maryann Gulliver, filed suit against
appellees, Lee and Pamela Shafer, seeking specific performance of a contract to
sell unimproved real estate.  Appellees  filed a traditional motion for summary
judgment, which the trial court granted.  Appellants, arguing there were
genuine issues of material fact, now appeal the trial court=s summary
judgment.  Because we find the trial court erred when it granted appellee=s motion for
summary judgment, we reverse and remand to the trial court for further
proceedings in accordance with this opinion.








Factual and Procedural Background

The parties to this appeal are neighbors in Fort Bend
County.  In January 2005, appellees, because they needed the cash flow, offered
to sell approximately 80 percent of a plot of undeveloped land that was between
and contiguous to the residences of the parties.  The undeveloped land was part
of appellees= homestead.  Appellants accepted appellees= offer and the
parties executed an earnest money contract (the AContract@) prepared by
appellee Lee Shafer, on January 21, 2005.  At the time the Contract was executed appellants paid
appellees $5,000 as earnest money for the Contract.

In the
Contract, appellees agreed they would deliver a general warranty deed at the
closing in exchange for a total price of $53,000.  Appellees also represented
that, as of the closing date, there would be no liens on the property that
could not be satisfied out of the proceeds of the sale.  The Contract provided
that, if they were notified in writing, appellees would furnish a title
insurance policy to the appellants.  In addition, the Contract provided
that once appellants received the commitment for title insurance, they had ten
days to lodge objections with appellees.  The Contract set the closing of the
sale for September 30, 2005 or within seven days after objections to matters disclosed in the title
insurance commitment had been cured, whichever date was later.  Finally, there
is no time is of the essence language in the Contract.








As
September 30, 2005 approached, there were still two liens on the property
totaling approximately $115,000.  Mr. Shafer admitted that, because appellees
were unable to obtain releases of the liens by September 30, no closing was
scheduled and none took place.  However, even though September 30, 2005 came
and went, appellees continued their efforts to obtain releases of the liens. 
During his deposition, Mr. Shafer testified that appellees  finally succeeded
in obtaining releases of both liens in December, 2005.  Mr. Shafer further
testified that he provided filed copies of the lien releases to appellants in
January 2006.  In her affidavit filed in response to appellees= motion for summary judgment,
appellant Maryann Gulliver testified that, because they had still not been
provided with copies of the lien releases that had been filed in the Fort Bend
County property records, on March 3, 2006 appellants sent appellees written
notice requiring a title insurance policy issued by Stewart Title.   Ms. Gulliver
further testified they did not receive a draft copy of the title commitment
until April 1 or 2, 2006 and did not receive the final title commitment until
April 10, 2006.

Once September 30, 2005 passed with no closing, several
closings were set in March 2006, but, for reasons not disclosed in the
appellate record, none took place.  Another closing was set for April 6, 2006
but it was postponed until April 10, 2006 because appellees informed Stewart
Title they would not pay their pro rata share of the 2006 taxes on the property
as required by the Contract.  When asked about closing on April 10, 2006,
appellees told Stewart Title they would not appear because they were not Asatisfied with the
conversations [Mr. Shafer] had had with the Gullivers.@  Despite this,
Stewart Title set the closing for April 10, 2006.  On that date, appellants
appeared at Stewart Title for closing and tendered the $48,000 balance owed on
the property and executed all documents they were required to sign for the sale
to be completed.  The Shafers did not appear for the closing.  On April 11,
2006 appellees mailed a letter purportedly rescinding the Contract.[1] 
During his deposition, Mr. Shafer testified appellees did not go through with
the sale of the property because they had simply changed their minds and no
longer wished to sell.








Once appellees failed to appear at the closing, appellants
filed suit seeking specific performance of the Contract.  Eventually, appellees
filed a motion for summary judgment.  In their motion, appellees argued they
were entitled to a final summary judgment because they (1) disproved, as a
matter of law, a required element of appellants= breach of
contract cause of action; and (2) conclusively proved their affirmative
defenses of statute of frauds, estoppel, failure of consideration, failure to
plead that all conditions precedent had been met, and rescission.  The trial
court granted appellees a final summary judgment based on all grounds asserted
by appellees in their motion.  This appeal followed.

Discussion

In six issues on appeal, appellants challenge the trial
court=s final summary
judgment.  In these issues, appellants separately address each ground asserted
by appellees as a basis for their motion for summary judgment.  Appellants
contend there were genuine issues of material fact regarding each ground
asserted in appellees= motion for summary judgment thus
precluding the granting of appellees= motion.

A.      The
Standard of Review








The movant for summary judgment has the burden to show
there is no genuine issue of material fact and it is entitled to judgment as a
matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985).  In determining whether there is a genuine fact issue precluding summary
judgment, evidence favorable to the non-movant is taken as true and the
reviewing court makes all reasonable inferences and resolves all doubts in the
non-movant=s favor.  Id. at 548B49.  We review a
trial court=s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A defendant who
conclusively negates at least one of the essential elements of a plaintiff=s cause of action
is entitled to a summary judgment on that claim.  IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  A
defendant is entitled to a summary judgment on an affirmative defense if the
defendant conclusively proves all the elements of the affirmative defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  To accomplish this, the
defendant must present summary judgment evidence that establishes each element
of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood,
924 S.W.2d 120, 121 (Tex. 1996).  Once the defendant establishes its right to
summary judgment, only then does the burden shift to the plaintiff to come forward
with competent controverting evidence raising a genuine issue of material
fact.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

B.      Appellants
Raised a Fact Issue On Waiver

To recover under a breach of contract cause of action, a
plaintiff must show: (1) the existence of a valid contract, (2) performance or
tendered performance by the plaintiff, (3) breach of the contract by the
defendant, and (4) damages sustained as a result of the breach.  Renteria v.
Trevino, 79 S.W.3d 240, 242 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  As one basis for their summary judgment, appellees
argue that because it was undisputed that no closing occurred on September 30,
2005, they conclusively negated the second element of appellants= breach of
contract cause of action thus entitling them to summary judgment.  Appellees
also asserted that because September 30, 2005 was an absolute deadline for the
deal to be closed, and since the parties did not enter into either a new
written agreement for the sale of the property, or a written agreement
extending that closing date, the Statute of Frauds barred appellants= suit.  See Tex.
Bus. & Com. Code Ann. ' 26.01 (Vernon 2002).  In addition, making
the same argument, appellees asserted that appellants= suit for specific
performance was barred by estoppel.  Finally, appellees argued that appellants
had to offer additional consideration to extend the closing date beyond
September 30, 2005.  In their first, second, fourth, and fifth issues on
appeal, appellants assert their summary judgment evidence raised genuine issues
of fact on whether appellees waived compliance with the September 30, 2005
closing date, thus excusing them from performing or tendering performance on
that date.








In a time is of the essence contract, a party must perform
or tender performance in strict compliance with the provisions of the contract
and within the time prescribed in order to be entitled to specific
performance.  Roundville Partners, L.L.C. v. Jones, 118 S.W.3d 73, 79
(Tex. App.CAustin 2003, pet. denied).  Ordinarily, time is not of
the essence in the performance of a real estate earnest money sales contract
absent a clear intent to the contrary.  Glass v. Anderson, 596 S.W.2d
507, 511 (Tex. 1980).  This is true even if the contract specifies a date for
performance or sets a date for the closing.  Atkin v. Cobb, 663 S.W.2d
48, 52 (Tex. App.CSan Antonio 1983, writ dism.).  A time of
the essence provision in a contract can be waived.  17090 Parkway, Ltd. v.
McDavid, 80 S.W.3d 252, 255 (Tex. App.CDallas 2002, pet.
denied).  Waiver can be shown by a course of dealing between the parties.  Id. 
Waiver is a question of fact.  Smith v. Hues, 540 S.W.2d 485, 489 (Tex.
App.CHouston [14th
Dist.] 1976, writ ref=d n.r.e.).

Assuming without deciding that the Contract was a time of
the essence contract and September 30, 2005 was an absolute deadline for the
parties to complete the transaction, the summary judgment evidence raises a
fact issue regarding whether appellees waived compliance with the September 30,
2005 deadline.  The summary judgment evidence, when viewed under the
appropriate standard of review, demonstrates that appellees did not set the
closing on September 30, 2005 because they could not convey clear title to the
property as required by the Contract.  The evidence also establishes that
appellees continued their efforts to clear the liens on the property after
September 30, 2005 and maintained communication with appellants during that
process.  The evidence also shows that appellees finally succeeded in clearing
the liens on the property in December, 2005 and that closings were set in March
2006.  The evidence also includes Mr. Shafer=s deposition
testimony.  In his deposition, Mr. Shafer testified not that he refused to
close in March 2006 because the Contract had expired on September 30, 2005,
only that he did not know the reason why those closings did not occur.








This evidence raises genuine issues of material fact
regarding whether appellees waived compliance with the September 30, 2005
deadline, thus there are fact issues regarding whether appellants were (1)
excused from having to tender performance on that date, (2) barred by the
Statute of Frauds from filing suit for specific performance, (3) estopped from
filing suit for specific performance; and (4) required to supply additional
consideration to extend the closing date beyond September 30, 2005.  Because
there are genuine issues of material fact, the trial court erred when it
granted appellees= motion for summary judgment based on
these arguments.  Accordingly, we sustain appellants= first, second,
fourth, and fifth issues on appeal.

C.      Appellants
Pled All Conditions Precedent Had Occurred or Been Met

In their motion for summary judgment, appellees urged the
trial court to grant their motion because appellants failed to plead that all
conditions precedent had been met before appellants filed suit seeking specific
performance.  In their third issue on appeal, appellants contend the trial
court erred when it granted appellees= motion on this
basis.  A simple review of the appellate record reveals that appellees= assertion is
without merit.  In their First Amended Petition, appellants state: APlaintiffs have
met all conditions precedent.@  Accordingly, the trial court erred when
it granted appellees= motion based on this contention.[2] 
We sustain appellants= third issue on appeal.








D.      Rescission
Does Not Apply to the Facts of This Appeal

The final affirmative defense asserted by appellees in
support of their motion for summary judgment was rescission.  Here, appellees
argued they rescinded the deal when, allegedly on April 7, 2006,  Mr. Shafer
drafted a letter purportedly terminating the Contract but did not mail it to
appellants until April 11, 2007.  In response, appellants contend there is a
fact issue regarding appellees= alleged attempt to rescind the Contract.

Rescission of a contract is available as an alternative to
damages in cases in which one contracting party is induced into contract by the
fraud of the other contracting party.  Bank One, Tex., N.A. v. Stewart,
967 S.W.2d 419, 455 (Tex. App.CHouston [14th Dist.] 1998, pet. denied). 
There may also be a rescission of a contract if the parties arrive at a mutual
understanding that the contract is abrogated and terminated.  Marsh v.
Orville Carr Assocs., Inc., 433 S.W.2d 928, 931 (Tex. Civ. App.CSan Antonio 1968,
writ ref=d n.r.e.).  A
rescission of a contract by mutual understanding does not require a formal
agreement, but it does require an act or conduct by the contracting parties
that clearly indicates their mutual understanding that the contract has been
terminated.  Id.  Because there were no allegations, or summary judgment
evidence, of fraud by appellants in the formation of the Contract, or a mutual
understanding between the parties that the Contract had been terminated,
rescission is not available as an affirmative defense to appellants= suit for specific
performance.  Because the trial court erred when it granted appellees= motion for
summary judgment based on the affirmative defense of rescission, we sustain
appellants= sixth issue on appeal.

 

 

 

 

 








Conclusion

Having sustained each of appellees= issues on appeal,
we reverse the judgment of the trial court and remand this case to the trial
court for further proceedings consistent with this opinion.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed January 15, 2008.

Panel consists of
Chief Justice Hedges, Justice Anderson, and Senior Chief Justice Murphy.*

     

 

  









[1]  Appellees=
April 11, 2006 letter provides in part:

 

All objections to the closing of the land transaction
were met on or about January 4, 2006.  Pursuant to paragraph 15, closing was to
take place on or before January 19, 2006.

 

Because you
have failed to close as called for by the Earnest Money Contract, we elect to
terminate the Earnest Money Contract.  According to the terms of the Earnest
Money Contract, we have a right to keep the Earnest Money, but we are electing
to return it to you. 





[2]  Even if, contrary to the summary judgment standard
of review, we were to construe appellees=
summary judgment argument more broadly in their favor to state an assertion
that appellants failed to produce summary judgment evidence raising a genuine
issue of material fact regarding their performance of any conditions precedent,
the result would be the same.  Conditions precedent are acts or events that
occur subsequent to the formation of a contract and that must occur before
there is a right to immediate performance and before there can be a breach of a
contractual duty.  McMahan v. Greenwood, 108 S.W.3d 467, 484 (Tex. App.CHouston [14th Dist.] 2003,  pet. denied).  In order to
determine whether a condition precedent exists, the intention of the parties
must be ascertained, and that can be done only by looking at the entire
contract.  Id.  Normally, in order to create a condition precedent, an
agreement must use a term such as Aon
condition that,@ Aif,@ Aprovided that,@ or some similar conditional phrase.  Id. 
Conditions precedent are not favored in the law, and courts tend to construe
contract provisions as covenants rather than as conditions.  Id.  An
examination of the Contract reveals, at most, a single condition precedent, the
payment of the earnest money to appellees.  No other obligation found in the
Contract was prefaced with the type of language required to create a condition
precedent.  Instead, with the exception of appellants= obligation to pay appellees $5,000 in earnest money,
all obligations under the Contract were to be performed by the parties
contemporaneously, at the closing.  See Glass v. Anderson, 596 S.W.2d
507, 510 (Tex. 1980) (stating parties obligations under earnest money contracts
were to be performed contemporaneously).  The Contract itself conclusively
establishes that appellants paid appellees the required earnest money as it
contains a signed receipt for that amount. 





*  Senior Chief Justice Paul Murphy sitting by
assignment