Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-09-00104-CV

Agustin **MALDONADO**, et al,
Appellants

v.

**EMPIRE LAND COMPANY, LTD**., et al,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2005-CVQ-001036-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:  August 18, 2010

AFFIRMED

Appellants Agustin Maldonado, A. Maldonado Co., and the Agustin Maldonado, Jr. Revocable Trust (collectively the Maldonados), brought an action against Appellees Empire Land Company, Ltd., and Empire Truck Lines, Inc. (collectively Empire), for trespass, negligence, and trespass to try title.  Empire counterclaimed for trespass to try title and the Maldonados amended their complaint, asserting adverse possession under the three, five, ten, and twenty-five year statutes.  The jury awarded Empire title to and possession of the property in

question, $65,000.00 in attorney's fees, and issued a take-nothing judgment against the Maldonados. The Maldonados solely appeal the award of attorney's fees. We affirm the judgment of the trial court.

### FACTUAL BACKGROUND

This dispute centered on the location of a boundary line between what is now the Empire tract and the Maldonados' tract directly to its east, as well as possession of an enclosed strip of land approximately six feet wide along the Highway 59 northern boundary line (hereinafter the property in question). The history and location of the property in dispute is complicated and the record affords no clear illustration of the disputed tracts. In 1959, the Maldonados purchased the east tract and, in 1970, built on the property three warehouses, two of which encroached on the property to west. In 1978, the Maldonados purchased the adjoining tract to the west. Approximately two years later, the western piece of property was mortgaged, subsequently foreclosed, and purchased by Mel Quesada.

In February of 1987, prior to foreclosure, the bank surveyed the property and discovered the encroachment of the Maldonados' warehouses onto the western tact. The southern-most building was partitioned and is not at issue in this appeal. Prior to foreclosure, the bank reconfigured the property line on the east boundary of the Maldonados' western tract, giving the Maldonados an additional .038 acres; and thus provided sufficient clearance for the warehouse located on the northwest corner of the Maldonados' property.[1] Empire ultimately purchased the western tract from Quesada.

The Maldonados leased the northern warehouse and at some point during the lease, the disputed property was enclosed, along with a portion of the land conveyed by the bank in 1987,

---

[1] The February 1987 survey indicated that the encroachment by the warehouse located on the northwest corner of the Maldonados' property was a strip of property, ranging in width from almost three-feet to less than one-foot wide. This is the property that was relocated from the western tract to the eastern tract in the April 1987 survey.

by a metal tubular fence. The Maldonados and/or their tenant continued to occupy the property in question, to the exclusion of Empire. Believing the property boundary to be marked by the point where the two owners' fences met,[2] the Maldonados brought suit in 2005. In response, Empire counterclaimed for trespass to try title and the Maldonados amended their petition to assert a claim of adverse possession.

**ATTORNEY'S FEES UNDER SECTION 16.304(a)**

In their first issue on appeal, the Maldonados contend the jury failed to expressly determine unlawful actual possession of the property, thus precluding Empire's award of attorney's fees under section 16.034(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a) (Vernon 2002).

## A. Standard of Review

To determine the correct standard of review for a trial court's award of attorney's fees, an appellate court begins with the statutory text authorizing those fees. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *Brazos Elec. Power Co-Op., Inc. v. Weber*, 238 S.W.3d 582, 583 (Tex. App.—Dallas 2007, no pet.). Section 16.034(a) of the Texas Civil Practice and Remedies Code provided:[3]

> In a suit for the possession of real property between a person claiming under record title to the property and one claiming by adverse possession, if the prevailing party recovers possession of the property from a person unlawfully in actual possession, the court ***may*** award costs and reasonable attorney's fees to the prevailing party.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a) (emphasis added). The use of the permissive "may" affords the trial court a measure of discretion in deciding whether to award attorney's

---

[2] Many of the pictures, and much of the testimony, described this point as marked by a yellow wooden post and where the Maldonados' yellow tubular fence met with Empire's black wrought iron fence.

[3] Section 16.034(a) was amended in 2009 to require the court to award attorney's fees "if the court finds that the person unlawfully in actual possession made a claim of adverse possession that was groundless and made in bad faith, . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a) (Vernon Supp. 2009).

fees. *See id.*; *see also Comm'rs Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997); *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637–38 (Tex. 1996).

Accordingly, an appellate court reviews the trial court's award of attorney's fees under section 16.034 for an abuse of discretion, subject to the requirement that the evidence is factually and legally sufficient to support the award. *See Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *In re J.S.P.*, 278 S.W.3d 414, 424 (Tex. App.—San Antonio 2008, no pet.) ("We review the trial court's award of attorney's fees for an abuse of discretion."); *Smith v. McCarthy*, 195 S.W.3d 301 (Tex. App.—Fort Worth 2006) ("Section 16.034 provides for a discretionary award of attorney's fees, which we review under an abuse of discretion standard."); *Bocquet*, 972 S.W.2d at 21. A trial court abuses its discretion when its decision is arbitrary, unreasonable and without reference to any guiding rules and principles. *See Ridge Oil*, 148 S.W.3d at 163; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B. Unlawful and Actual Possession

The issue of unlawful possession is part and parcel of the availability of attorney's fees under section 16.034(a). TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a). The Maldonados assert that, absent a jury finding of unlawful possession, the trial court could not award attorney's fees. In response, Empire argues that the Maldonados' pleading of adverse possession is sufficient to support the trial court's award.

Unlawful and actual possession are necessary elements of adverse possession, and adverse possession in the context of section 16.034(a) "is viewed at the time of the filing of suit." *City of Carrollton v. Duncan*, 742 S.W.2d 70, 79 (Tex. App.—Fort Worth 1987, no writ); *Alvarez v. Guerra*, No. 04-04-00647-CV, 2005 WL 2367580, at *1 (Tex. App.—San Antonio September 28, 2005, no pet.) (mem. op.). A party concedes actual possession simply by

pleading adverse possession, even when, as here, the party does not pursue the claim at the time of trial and fails to submit the claim to the jury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a); *Carrollton*, 742 S.W.2d at 79; *Alvarez*, 2005 WL 2367580, at *1. As such, when a party pleads adverse possession, there is no fact issue on actual possession under section 16.034(a) requiring the jury's review. *See Carrollton*, 742 S.W.2d at 79–80 (affirming the jury's award of attorney's fees based solely upon the appellant's claim to property by adverse possession—even though the claim was not brought to trial).

The Maldonados contend their adverse possession claims were in the alternative to their record title claims and do not conclusively establish that they conceded "unlawful possession." Yet, the Maldonados made their claim of possession under both theories and Empire's ultimate recovery renders the Maldonados' possession unlawful. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a); *see also BP Am. Prod. Co. v. Marshall*, 288 S.W.3d 430, 464 (Tex. App.—San Antonio 2008, pet. filed) ("Though [Appellant's] suit was one to determine title to the [property in question], [Appellant] asserted adverse possession in response. . . . Under section 16.034, the prevailing party in this case was clearly entitled to attorney's fees"); *Terrill v. Tuckness*, 985 S.W.2d 97, 111 (Tex. App.—San Antonio 1998, no pet.) (remanding case for determination of attorney's fees under section 16.034 when the appellee recovered property against a claim of adverse possession).

Furthermore, the Maldonados judicially admitted their unlawful possession by pleading it before trial. No further jury finding was required to award Empire attorney's fees under section 16.034(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.034(a). Because it was not necessary for the jury to make a factual determination on the Maldonados' actual, unlawful possession, we cannot say the trial court abused its discretion in awarding Empire attorney's fees.

## C. Rule 279

Even if a fact issue existed on the question of unlawful actual possession, in accordance with Texas Rule of Civil Procedure 279, we conclude that based on the jury's verdict, the trial court found that the Maldonados were actually in unlawful possession. *See* TEX. R. CIV. P. 279. Rule 279 operates in tandem with section 16.034 and provides:

> When a ground of recovery . . . consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery . . . and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, and there is factually sufficient evidence to support a finding thereon, . . . such omitted element or elements shall be deemed found by the court in such manner as to support the judgment.

TEX. R. CIV. P. 279. In considering the role of Rule 279 in an award for attorney's fees, this Court has held the omission of an issue to the jury is not fatal if: (1) the issue was necessarily referable to the plaintiff's claim and; (2) the defendant failed to object to the omission. *Atkin v. Cobb*, 663 S.W.2d 48, 53 (Tex. App.—San Antonio 1983, writ dism'd). "Under these circumstances, the omitted issues relating to presentment will be deemed to have been found by the court in a manner which will support the award of attorney's fees." *Id.*; *Adams v. Petrade Int'l Inc.*, 754 S.W.2d 696, 720 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (holding where an issue relating to attorney's fees is submitted to the jury, the court deems the jury found any omitted issues on presentment in favor of the award of attorney's fees).

The jury in the instant case was to determine Empire's right to recover the property in dispute and set the reasonable and necessary amount of attorney's fees to be awarded to Empire. The Maldonados failed to object to the omission of the unlawful possession issue. *See Atkin*, 663 S.W.2d at 53. More specifically, the Maldonados had the opportunity to object to the omission at the charge conference, post-verdict, and post-judgment, but failed at each juncture to argue

that the unlawful possession issue was erroneously omitted from the charge. Under the circumstances, the omitted issue of actual possession is deemed to have been found by the court. *See Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 179 (Tex. 1981); *see also id.*; *Adams*, 754 S.W.2d at 720. Accordingly, we overrule the Maldonados' first issue.

SUFFICIENCY OF THE EVIDENCE

In their second issue on appeal, the Maldonados argue that the evidence of unlawful possession is both legally and factually insufficient, and therefore, the trial court erred in awarding attorney's fees.

## A. Standard of Review

When reviewing the legal sufficiency of evidence, an appellate court reviews the evidence in the light most favorable to the challenged finding and indulges every reasonable inference to support the finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Evidence is legally sufficient if it would enable a reasonable fact finder to reach the finding under review. *Id.* at 827. An appellate court will, therefore, sustain a challenge to the legal sufficiency of the evidence only if: (1) there is a complete absence of a vital fact; (2) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla of evidence; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 828. More than a scintilla of evidence exists if the evidence allows for reasonable minds to reach differing conclusions about a vital fact's existence. *Lee Lewis Constr. Inc. v. Harrison*, 70 S.W.3d 778, 782–83 (Tex. 2001).

In conducting a factual sufficiency review, an appellate court views all of the evidence in a neutral light and will not substitute our judgment for that of the jury. *Golden Eagle Archery,*

*Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). We will set aside the verdict only if the trial court's finding is clearly wrong, manifestly unjust, or so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.*; *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986).

## B. Actual and Unlawful Possession

Actual possession of property occurs when a party "visibly appropriate[s] the property as to give notice to any other person that they claim a right to the property." *Perkins v. McGehee*, 133 S.W.3d 287, 291–92 (Tex. App.—Fort Worth 2004, no pet.).

> To constitute actual possession of land, there must be such an appropriation of the land by the claimant as will convey in the community where it is situated visible notice that the land is in his exclusive use and enjoyment, an appropriation manifested by either inclosing, cultivating, improving or adapting it to such uses as it is capable of.

*Humble Oil & Refining Co. v. Manziel*, 165 S.W.2d 909, 911 (Tex. Civ. App.—Texarkana 1942, no writ) (citation omitted).

Empire offered testimony and photographic evidence to show the Maldonados unlawfully possessed the property in question. Testimony demonstrated that a tubular fence was erected around the property in question and utilized by the Maldonados and/or their tenant, and that Empire was physically excluded from the property. The Maldonados argued that the tubular and wrought iron fences served as the northern boundary line of the both the western and eastern tracts of land, and the joinder of the fences was the end of their respective properties. However, the property surveys showed that the two tracts met approximately six feet to the east of the fences' joinder. Given these facts, a juror could reasonably conclude the Maldonados actually and unlawfully possessed the square of land in question. *See Perkins*, 133 S.W.3d at 291–92. We therefore conclude that more than a scintilla of evidence exists to support the implicit finding

regarding the Maldonados' unlawful possession. Thus, the award of attorney's fees to Empire was not erroneous. *See Lee Lewis*, 70 S.W.3d at 782–83; *Manning v. Mesh*, No. 14-90-01116-CV, 1992 WL 105769, at *5 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (not designated for publication) (determining evidence that the Appellant fenced in the property in question was sufficient to support actual unlawful possession and an award of attorney's fees under section 16.034).

The evidence is likewise factually sufficient to support the jury's award. *See Golden Eagle*, 116 S.W.3d at 761. We remain mindful that the jury is the sole judge of witness credibility. *See id.*; *Waltrip v. Bilbon Corp.*, 38 S.W.3d 873, 884 (Tex. App.—Beaumont 2001, pet denied) (recognizing the jury's ability to reject testimony of any witness). While the Maldonados contend they did not authorize their tenant to use and possess the property in question, after a review of the entire record, the jury could have either disbelieved the Maldonados or determined that the Maldonados acquiesced to their tenant's actions. *See id.* Accordingly, we overrule the Maldonados' sufficiency issues.

## CONCLUSION

The evidence is both legally and factually sufficient to support the implicit determination that the Maldonados were in unlawful possession of the property in question. TEX. CIV. PRAC. & REM. CODE ANN. § 16.034. Additionally, because a jury question on the Maldonados' actual and unlawful possession of the property in question was not required, and Rule 279 otherwise supports such a finding, we cannot say the trial court abused its discretion in awarding Empire attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.034; TEX. R. CIV. P. 279. Accordingly, the judgment of the trial court is affirmed.

Rebecca Simmons, Justice